F. I. SUTTON, EXECUTOR OF MRS. W. R. LOFTIN, DECEASED, v. E. B. DAVIS AND H. STADIEM, SURETY.

(Filed 22 November, 1933.)

1. **Supersedeas B b—Where principal is discharged in bankruptcy before final judgment surety on stay bond is also discharged.**

The liability of a surety on a bond given in accordance with C. S., 1526 to stay execution of a judgment of the justice of the peace pending appeal, C. S., 1525, attaches when or if final judgment is rendered against the principal, and where the principal has been relieved of liability by a discharge in bankruptcy pending the appeal, plaintiff's claim being filed in the schedule in bankruptcy, no final judgment is rendered against the principal, and the surety may not be held liable on the stay bond.

**2. Same: Statutes B b—Statute providing for liability of surety on stay bond upon discharge of principal in bankruptcy is prospective in effect.**

Chapter 251, Public Laws of 1933, amending C. S., 1526, so as to retain the liability of a surety on a stay bond upon appeal from a justice of the peace in the event the principal is discharged in bankruptcy pending the appeal, is prospective in effect and does not apply to bonds executed prior to its effect. As to whether a statute would be valid which attempted to change the liability of a surety on bonds executed prior to its passage, *quære?*

**3. Judgments G b—Judgment rendered after term by consent of parties relates back to trial term.**

Where, upon the call of a case for trial in the Superior Court on appeal from a magistrate's court, it is determined that the defendant had been discharged in bankruptcy pending the appeal, and it is agreed by the parties that the question of the liability of the surety on defendant's stay bond should be determined after the adjournment of the term, the judgment later rendered is *nunc pro tunc* and relates back to the term at which the action was called for trial, and the liability of the surety on the stay bond is not affected by the fact that the effective date of a statute relating to the surety's liability in such cases intervenes between the trial term and the date judgment is actually rendered.

APPEAL by plaintiff from *Harris, J.,* at May Term, 1933, of LENOIR. Affirmed.

The stipulations of counsel are as follows:

"1. That after the rendition by K. F. Foscue, justice of the peace, of judgment in this action, and prior to the May Term, 1933, of the Superior Court of Lenoir County, E. B. Davis was adjudged a voluntary bankrupt in the United States District Court for the Eastern District of North Carolina, and had received his discharge in bankruptcy.

2. That such discharge, which was exhibited to Judge Harris, as set out in his judgment, was in all respects regular in form and effected the discharge of said bankrupt as to his dischargeable debts. ·

3. That the indebtedness alleged to be due Mrs. Loftin and evidenced by the said judgment of K. F. Foscue, justice of the peace, was duly scheduled by the bankrupt, and Mrs. Loftin, the original plaintiff, had actual knowledge and notice of the bankruptcy proceedings.

4. That this stipulation and the summons, judgment, with notice of appeal, and return of appeal, of K. F. Foscue, J. P., application to clerk for order to stay execution, and order of the clerk allowing bond to stay execution, surety thereon, order of clerk staying execution after bond given, order at February Term, 1933, making F. I. Sutton executor of Mrs. W. R. Loftin, plaintiff herein, and judgment of Judge Harris at May Term, 1933, shall constitute the case on appeal herein."

The stipulation of counsel in the addenda to record, are as follows:

"1. That this cause was calendared for trial at the February Term,

1933, of the Superior Court of Lenoir County, and upon being called for trial a jury was empaneled to try the issues raised, but upon the defendant, Davis, exhibiting his discharge in bankruptcy the case was withdrawn from the jury and heard by the judge at said term.

2. That judgment was tendered by the defendants at the February Term, 1933, in all respects as set out in the record except that the same was dated 'February Term, 1933,' instead of 'May Term, 1933,' as appears in the record.

3. That the judgment of the court was reserved by the court at the request of the plaintiff, and it was agreed by counsel for the plaintiff and counsel for defendants that judgment might be signed at some later date.

4. That the judgment as set out in the record was signed at the May Term, 1933, by the same judge who presided at said February Term, 1933.

5. That the voluntary petition in bankruptcy of E. B. Davis was filed on 12 January, 1932, and he was adjudicated a bankrupt on the next day, 13 January, 1932."

The judgment of the court below is as follows:

"This cause coming on to be heard and being heard before his Honor, W. C. Harris, judge presiding, and it appearing to the court that this was an action instituted by Mrs. W. R. Loftin against the defendant, E. B. Davis, for the recovery of the sum of $150.00, for rental alleged to have been due by the defendant to the said Mrs. W. R. Loftin, and from a judgment rendered in said action in favor of the said Mrs. W. R. Loftin, the defendant appealed to the Superior Court, and that the said plaintiff, Mrs. W. R. Loftin, has since the institution of this action, died, and F. I. Sutton qualified as executor of her estate and is a party plaintiff herein; and it further appearing to the court upon the call of this matter for trial at this term of court, upon the appeal from the judgment of the justice of the peace, that after the rendition of the judgment by the said justice of the peace, the defendant, E. B. Davis, filed a petition in bankruptcy in the United States District Court for the Eastern District of North Carolina, and listed therein the claim of the plaintiff herein against him as an indebtedness, and that the said defendant, E. B. Davis, has been granted a general discharge in bankruptcy by the said United States District Court for the Eastern District of North Carolina, and that the defendant duly exhibited his discharge in bankruptcy in court upon the call of this case for trial and pleaded the same in bar of the plaintiff's right of recovery, and that the said defendant by said bankruptcy has been fully and completely discharged from any and all liability to the plaintiff in this action.

It is now, therefore, ordered, adjudged and decreed that the plaintiff is not entitled to recover of the defendant in this action or the sureties on the bond given by the defendant to stay execution, and that said defendant, E. B. Davis, and the sureties on his said stay bond are discharged from any and all liability on account of the alleged indebtedness due the plaintiff.

It is further ordered that this action be, and the same is hereby dismissed.                              W. C. HARRIS, *Judge Presiding.*"

The only exception and assignment of error was to the judgment as signed.

*John G. Dawson and Geo. B. Greene for plaintiff.*
*Wallace & White for defendant.*

CLARKSON, J. The question involved: Whether the surety on a bond given 4 August, 1928, under C. S., 1526, upon appeal from judgment rendered in justice's court to the Superior Court, is relieved from liability by discharge in bankruptcy of his principal, obtained while the appeal was still pending, and pleaded in bar of recovery at the time of trial in the Superior Court? We think so.

C. S., 1525, provides for stay of execution on appeal. C. S., 1526, is as follows: "The undertaking shall be in writing, executed by one or more sufficient sureties, to be approved by the justice or clerk making the order, to the effect that if judgment be rendered against the appellant, the sureties will pay the amount together with all costs awarded against the appellant, and when judgment shall be rendered against the appellant, the appellate court shall give judgment against the said sureties." This section was amended by Public Laws, 1933, chapter 251, which reads as follows: "Section 1. That section 1526 of Consolidated Statutes be, and the same is hereby, amended by adding at the end of said section, the following sentence: 'And in the event that said defendant shall prior to entry of the final judgment be adjudicated a bankrupt, then and in that event, the surety or sureties on said bond shall remain bound as if they were codebtors with the defendant and the plaintiff may continue the prosecution of the action against said sureties, as if they were codefendants in the cause.' Section 2. That all laws and clauses of laws in conflict with said amendment are hereby repealed. Section 3. That this act shall be in full force and effect from and after its ratification. Ratified this 10 April, A.D. 1933."

It is admitted by plaintiff that defendant Davis pleaded his discharge in bankruptcy in bar of recovery and that he duly listed among his liabilities the judgment of Mrs. Loftin and that she had actual knowledge of the bankruptcy proceedings. It seems, therefore, that the plain-

tiff, in any event, cannot recover against the defendant Davis, and the only question on this appeal is whether or not the plaintiff can recover from the defendant Stadiem as surety on the bond executed by the defendant Davis.

We think the decision in *Laffoon v. Kerner,* 138 N. C., 281, decisive of this controversy. In that decision, at p. 206, speaking to the subject, we find: "It would seem too clear for discussion that if no judgment can be rendered against the appellant because of a discharge in bankruptcy pending the appeal, the contingency upon which the sureties are liable can never arise. *Fontaine v. Westbrooks,* 65 N. C., 528. It is said by *Waite, C. J.,* in *Wolf v. Stix,* 99 U. S., 7 (8), 'The cases are numerous in which it has been held and we think correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend. Of this class of obligations are the ordinary bonds in attachment suits to dissolve an attachment, appeal bond, and the like.' . . . (p. 287.) We are of the opinion that upon the exhibition of the certificate of discharge, unless the plaintiff had shown that the debt was not scheduled and unless he had no notice of the proceeding in bankruptcy, the court should have dismissed the action." *Murray v. Bass,* 184 N. C., 318; *McCormick v. Crotts,* 198 N. C., 664.

This Court, in approving and distinguishing the *Laffoon case, supra,* in *Murray v. Bass, supra,* said, at p. 321: "In *Laffoon's case, supra,* the liability of the surety on the supersedeas bond had not become fixed and absolute when the principal named thereon obtained his discharge in bankruptcy, and exhibited same to the court after plea setting up the fact; not so here. This, we apprehend, is a vital and important difference between the two cases. The contingency upon which the sureties in *Laffoon's case, supra,* agreed to pay the judgment never happened— the discharge in bankruptcy of the defendant having destroyed plaintiff's debt before the liability of the sureties thereon became fixed necessarily worked a dismissal of the action and a release of the sureties. *Payne v. Able,* 7 Bush. (Ky.), 344; 2 Am. Rep., 316. But here the contingency, upon which W. H. Murray agreed to pay Bass' judgment, has happened, and his liability therefor has become fixed and absolute; and this before any discharge in bankruptcy relieving R. Pittman Barnes from its payment. W. M. Murray, therefore, at the present time, stands in the position of a codebtor. Section 16 of the Bankrupt Act of 1 July, 1898 (U. S. Comp. St. sec. 9600), which does not seem to have been amended or changed by subsequent legislation, reads as follows: 'The liability

of a person who is a codebtor with, or guarantor, or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.' "

Plaintiff in the brief says: "We would be lacking in frankness if we did not say we think the construction of the statute in the *Laffoon case* entirely too narrow, as that construction tends to defeat rather than to accomplish the manifest purpose of the statute, which is to protect the judgment creditor pending appeal against the insolvency of the judgment debtor." We think the *Laffoon case* was well considered and ably written by *Justice H. G. Connor,* and supported by the weight of authorities.

From the stipulation of counsel, we think a just construction is that the judgment signed at May Term, 1933, was by consent *nunc pro tunc,* and relates back to February Term, 1933, before the amendment of C. S., 1526, was ratified 10 April, 1933, and therefore not applicable to this controversy. The amendment to C. S., 1526, by the act of 1933, is prospective and not retroactive. Statutes must be construed as having only prospective operation unless retrospective effect is declared or necessarily implied. *Ashley v. Brown,* 198 N. C., 369. Statutes are presumed to operate prospectively only. *Hicks v. Kearney,* 189 N. C., 316.

The defense of the statute of limitation being considered a vested right, which cannot be taken away by legislation, we see no good reason why the same principle is not applicable in the present case. *Wilkes Co. v. Forester,* 204 N. C., 163. The judgment of the court below is

Affirmed.