J. C. GRIMES ET AL. v. LIZZIE GRIMES, ANNIE G. GRIMES, GUARDIAN OF WILLIAM PALMER GRIMES, MINOR, ET AL.

(Filed 27 February, 1935.)

1. **Descent and Distribution B g—Adopted child may inherit only from adoptive parent, and may not inherit through such parent from such parent's ancestors.**

   A child, upon the death of his mother, was adopted for life by his mother's brother. Thereafter the child's maternal grandfather died intestate, but the child's adoptive father predeceased his grandfather: *Held,* the child is not entitled to represent his adoptive father as an heir at law in the distribution of his grandfather's estate, since such inheritance would depend upon Public Laws 1933, ch. 207, sec. 5, amending C. S., 185, and the statute gives the adopted child the right to inherit only from the adoptive parent and does not give him the right of representation in inheriting through such adoptive parent as an heir general, nor is this result effected in the instant case by the fact that the child is of the blood of the grandfather, since his right of inheritance by virtue of his blood relationship with the grandfather is fulfilled by his inheritance of his proportionate share with his other brothers and sisters as a representative of his deceased mother.

2. **Same—**

   Public Laws 1933, ch. 207, sec. 5, amending C. S., 185, providing that an adopted child may inherit from its adoptive parent, being in derogation of the common-law canons of descent, must be strictly construed so as not to confer any right not clearly given.

THIS is a special proceeding begun before the clerk of the Superior Court of Davidson County for the purpose of allotting dower. Upon answers duly filed certain issues were raised, and from judgment rendered by the clerk the defendant Annie G. Grimes, as guardian of

William Palmer Grimes, appealed to the Superior Court, and the cause came on to be heard at the September Term, 1934, of DAVIDSON, before *Alley, J.*

The agreed facts are substantially as follows:

T. J. Grimes died intestate, 7 August, 1933. There was born to him by his first marriage five (5) children, namely, J. C. Grimes, W. T. Grimes, Paul I. Grimes, Mrs. Lena Grimes Palmer, and Mrs. W. L. Cripliver. Mrs. Palmer died prior to her father, the intestate, and left surviving her six (6) children, as follows, Thomas Palmer, Elizabeth Palmer, J. B. Palmer, Jr., Albert Palmer, Sarah Palmer, and William Palmer (Grimes).

W. T. Grimes died intestate and without issue on 4 July, 1931. Prior to his death, to wit, on 16 August, 1924, he, along with his wife, Annie G. Grimes, adopted for life William Palmer, infant son of his deceased sister, Mrs. Lena Grimes Palmer, and a grandson of T. J. Grimes.

At the time of the death of T. J. Grimes he was survived by his children: J. C. Grimes, Paul I. Grimes, Mrs. W. L. Cripliver, and by the heirs at law (children) of Mrs. Lena Grimes Palmer, his deceased daughter, and by his second wife, Lizzie Grimes.

The judgment of the Superior Court adjudged that William Palmer Grimes, minor, is not entitled to inherit or share in the estate of T. J. Grimes, deceased, as the adopted son of W. T. Grimes, deceased, and that the only interest and share of the said William Palmer Grimes in the estate of T. J. Grimes is the interest and share to which the said William Palmer Grimes is entitled as one of the grandchildren of the said T. J. Grimes, deceased, which share is by descent through Lena Grimes Palmer, mother of the said William Palmer Grimes and daughter of T. J. Grimes, deceased. To this judgment Annie G. Grimes, the guardian of William Palmer Grimes, appealed to the Supreme Court, assigning errors.

*Don A. Walser and Stahle Lynn for Annie G. Grimes, guardian of William Palmer Grimes, appellant.*

*Martin & Brinkley for J. C. Grimes, Paul I. Grimes, and Mrs. W. L. Cripliver, appellees.*

*Phillips & Bower for Lizzie Grimes, appellee.*

*W. L. Mann for J. B. Palmer, guardian of Thomas Palmer, Elizabeth Palmer, J. B. Palmer, Jr., Albert Palmer, and Sarah Palmer, appellees.*

SCHENCK, J. This appeal presents the following question: Does an adopted child for life inherit that portion of the estate of his natural grandfather which his adoptive father, who died intestate, would have inherited as a son had he not predeceased said grandfather? We think

GRIMES *v.* GRIMES.

a negative answer is found in the construction of Public Laws 1933, ch. 207, sec. 5, amending C. S., 185, the pertinent portion of which is as follows: "Such order granting letters of adoption, when made, shall have the effect forthwith to establish the relation of parent and child between the petitioner and the child during the minority, or for the life of such child, according to the prayer of the petition, with all the duties, powers, and rights belonging to the relationship of parent and child, and in case the adoption be for the life of the child, and the petitioner die intestate, such order shall have the further effect to enable such child to inherit the real estate and entitle it to the personal estate *of the petitioner* in the same manner and to the same extent such child would have been entitled to if such child had been the actual child of the person adopting it. . . ."

The adoption of William Palmer Grimes by W. T. Grimes, now deceased, and his wife, Annie G. Grimes, was for life, and the relationship of parents and child was established. Under this relationship the adopted child inherited the real estate and was entitled to the personal estate of W. T. Grimes upon his death, in the same manner and to the same extent as he would if he had been the actual child of the adoptive father.

However, since the statute is in derogation of the common law and works a change in the canons of descent, it must be construed strictly and not so as to enlarge or confer any rights not clearly given. The statute gives no power to the adopted child to inherit through the adoptive parent, or from any source other than the "estate of the petitioner." The statute limits the right to inherit to the property of the adoptive parent, and it cannot be construed to give the adopted child the right to inherit from his father's ancestors or other kindred, or to be a representative of them. By the adoption the child is not made issue or heir general, nor is he made the kin of the kindred of the adoptive parent. The effect of the adoption is simply to create a personal status between the adoptive parent and the child adopted, so that the adopted child may inherit from the adoptive parent such estate of the adoptive parent as such parent, during his lifetime, might voluntarily have given to such child.

The right to inherit property by reason of blood kinship is a natural one. The right to inherit property created by adoption is an artificial one. The status established by adoption proceedings is a contractual status, and while one may assume the status of a father to a stranger if he so desires, he cannot impose upon his kindred the status of kinship to such stranger. Adoption is "a judicial act, creating between *two persons* certain relations, purely civil, of paternity and filiation." Black's Law Dictionary.

GRIMES *v.* GRIMES.

The act of adopting a child is a contract into which one may enter with those having the lawful custody of a child, and is an agreement personal to him who assumes its liabilities, and while he may have a perfect right to bind or obligate himself to make a child his heir, he has no power, in law or in morals, to extend this right so as to effect the estate of strangers who are not parties to the contract, and who never in any way consented that their property might be diverted from the natural course of descent. While the statute gives to the adopted child the right to inherit the real estate and to share in the personal estate of the adoptive parent, it leaves the adopted child in the same relationship to all others as he occupied before the adoption. "The law cannot, and does not purport to, do the work of nature and create one a child who by nature is a stranger." Tiffany's Persons & Domestic Relations (2d Ed.), p. 244.

We think the reasoning in *Edwards v. Yearby,* 168 N. C., 663, and in *Love v. Love,* 179 N. C., 115, is apposite to this case, and that the weight of authority in other jurisdictions supports our conclusions.

We have given due consideration to but cannot concur in the argument advanced by his counsel that the appellant, William Palmer Grimes, being a natural grandson of the intestate, T. J. Grimes, and therefore of the same blood, has a right to inherit as an adopted son of the intestate's deceased son that he would not have possessed had he been a stranger to the blood. Any right to inherit which the appellant has by virtue of being of the same blood of the intestate is fulfilled when he inherits, with his brothers and sisters, his proportionate share of the interest his mother would have inherited from the intestate had she not predeceased him. When the appellant asserts his right to inherit as a natural child of his mother he does so by virtue of the blood and the canons of descent, but when he asserts his right as an adopted child of his uncle he does so, not by virtue of the blood, but solely by virtue of the statute. The statute makes no distinction between adopted children who are of the same blood and adopted children who are strangers to the blood, and, therefore, the fact that the appellant is of the same blood as the intestate gives to him as an adopted child no right to inherit not possessed by any other adopted child.

We conclude that the appellant, by virtue of his adoption, inherits no interest in the estate of his intestate grandfather, but inherits only his proportionate share of the interest his mother would have inherited had she not predeceased said intestate, and, therefore, the judgment of the Superior Court should be

Affirmed.