D. H. PHILLIPS, EXECUTOR OF THE ESTATE OF MARY VANWORMER SPAHR, v. BEY V. PHILLIPS, MAUDE V. DUNHAM, JEAN W. VANWORMER, AND RUTH VANWORMER JARROTT.

(Filed 21 May, 1947.)

**1. Descent and Distribution § 6—**

Defendant was adopted prior to 15 March, 1941, the effective date of Public Laws 1941, Chap. 281, Secs. 4, 8 (G. S., 48-6, G. S., 48-15). The adoptive parent was named as devisee and legatee in his mother's will, but predeceased his mother. *Held:* The adopted child takes no interest in the property bequeathed and devised to the adoptive parent.

**2. Same: Constitutional Law § 18—**

Section 8, Chap. 281, Public Laws 1941, prescribing an effective date for the provisions of the act relating to inheritance by or through adopted children does not create a discrimination.

**3. Wills § 42—**

Judgment that the widow of a devisee dying prior to the death of testatrix takes nothing under the terms of the will is without error of law.

APPEAL by defendants Jean W. VanWormer and Ruth VanWormer Jarrott from *Rousseau, J.,* in Chambers at High Point, Guilford County, 10 April, 1947.

Civil action for determination of rights of parties in certain real and personal property under will of Mary VanWormer Spahr, deceased.

The parties stipulated upon facts, among others, as follows:

Mary VanWormer Spahr died 29 December, 1945, leaving a last will and testament, dated 1 March, 1943, in which, after directing that all her just debts, if any, and funeral expenses be paid, she gave, devised, and bequeathed "all the rest, residue and remainder" of her estate to her "three children, Frank VanWormer, Bey V. Phillips and Maude Dunham, to be divided equally among them, share and share alike." Her said children were natural born. Frank VanWormer predeceased his

mother,—he having died 17 November, 1943, leaving no natural born children, but leaving defendant Jean W. VanWormer as his widow, and defendant Ruth VanWormer Jarrott as his adopted daughter. Defendants Bey V. Phillips and Maude Dunham are the sole surviving children of testatrix Mary VanWormer Spahr, deceased.

On 2 February, 1924, Frank VanWormer and his wife, Jean W. VanWormer, adopted for life, under the laws of Texas, Ruth VanWormer, now defendant Ruth VanWormer Jarrott,—the letters of adoption expressly providing that "the said child shall share our property as provided by the laws of Texas." At the date of said adoption Frank VanWormer and his wife Jean W. VanWormer, and Ruth VanWormer Jarrott were domiciled in and residents of the State of Texas, and Jean W. VanWormer and Ruth VanWormer Jarrott were at the date of the death of the testatrix Mary VanWormer Spahr, and now are domiciled in and residents of the State of Texas.

The testatrix Mary VanWormer Spahr, though residing in Pennsylvania at the time of her death, was then a resident of and domiciled in Guilford County, N. C., and then owned certain real and personal property in said county, as well as certain real property in the State of Pennsylvania.

The plaintiff, upon allegations of fact substantially as above set forth, requested the court to declare the rights of the parties hereinbefore set out in and to the estate of the testatrix, in order that there be a proper administration of the estate.

The parties thereupon waived jury trial and agreed that the Judge presiding at the trial of the cause, upon the facts agreed and such additional findings of fact, if any, as the court might find from other testimony or evidence, without the intervention of a jury, should render judgment in the cause,—each reserving "every plea set up in the pleadings and every conclusion, position and right based upon or to be inferred from the foregoing facts and any additional facts that may be found by the court in this cause."

When cause came on for hearing the judge of Superior Court found the facts to be as agreed by the parties, and thereon concluded as a matter of law: That defendants Jean W. VanWormer and Ruth VanWormer Jarrott take nothing under the terms of the will of Mary VanWormer Spahr, and that the entire estate of Mary VanWormer Spahr, after the payment of debts, costs of administration and other legal charges, should be equally divided between the defendants Bey V. Phillips and Maude V. Dunham, and entered judgment in accordance therewith.

Defendants Jean W. VanWormer and Ruth VanWormer Jarrott, and each of them, appeals therefrom and assigns error.

*Smith, Wharton & Jordan* and *Arthur O. Cooke* for appellants.
*D. Newton Farnell, Jr.,* and *Gallup Potter & Gallup, Bradford, Pa.,* for appellees.

WINBORNE, J. In the matter of the appeal of appellant Ruth Van-Wormer Jarrott this question is presented: What rights, if any, does Ruth VanWormer Jarrott, who in 1924 was adopted for life by Frank VanWormer and his wife Jean W. VanWormer under the laws of the State of Texas, take in the property in North Carolina bequeathed and devised to Frank VanWormer under the provisions of the will of his mother Mary VanWormer Spahr,—he having predeceased his mother, and having left no natural child? The answer is "None."

Counsel for Ruth VanWormer Jarrott take the position in brief filed (1) that the matters here at issue are controlled by applicable principles of law prevailing in this State,—relying on the case of *Grant v. Reese*, 94 N. C., 729,—and upon general rules stated in Annotation on the subject of "Conflict of laws as to adoption as affecting descent and distribution of decedent's estate," 154 A. L. R., 1179; and (2) that decision on this appeal rests squarely on the construction of two North Carolina statutes, G. S., 48-6, and G. S., 31-44, interpreted in the light of each other and the undisputed facts.

In the light of and upon the basis of this premise, conceded for the purpose of this appeal, it is noted that G. S., 48-6, prescribes in the main the form and contents of adoption order and declares the parent-child relationship established and the rights of inheritance. It was enacted in 1941 (P. L. 1941, Chapter 281, Section 4), as a part of an act to amend Chapter 243 of Public Laws 1935, which amended Chapter 207 of Public Laws 1933, which amended Chapter 2 of the Consolidated Statutes of 1919, all relating to the adoption of minors. The acts of 1933 and 1935 had substantially the same provision in respect to the establishment of relationship of parent and child. These acts provided that "such order granting letters of adoption when made . . . shall have the effect forthwith to establish the relationship of parent and child between the petitioner and the child during the minority or for the life of such child, according to the prayer of the petition, with all the duties, powers and rights belonging to the relationship of parent and child, and in case adoption be for the life of the child, and the petitioner die intestate, such order shall have the further effect to enable such child to inherit the real estate and to entitle it to the personal estate of the petitioner in the same manner and to the same extent such child would have been entitled to if such child had been the actual child of the person adopting it."

Moreover, this Court, in construing and applying the provisions of these statutes as they then existed, stated in *Grimes v. Grimes* (1935),

PHILLIPS *v.* PHILLIPS.

207 N. C., 778, 178 S. E., 573 : "The statute gives no power to the adopted child to inherit through the adoptive parent, or from any source other than the 'estate of the petitioner.' The statute limits the right to inherit to the property of the adoptive parent, and it cannot be construed to give the adopted child the right to inherit from his father's ancestors or other kindred, or to be a representative of them. By the adoption the child is not made issue or heir general, nor is he made the kin of the kindred of the adoptive parent. The effect of the adoption is simply to create a personal status between the adoptive parent and the child adopted, so that the adopted child may inherit from the adoptive parent such estate of the adoptive parent as such parent, during his lifetime, might voluntarily have given to such child."

Appellant concedes this holding in the *Grimes case, supra,* but she invokes and relies upon that part of the amendment of 1941, P. L. 1941, Chapter 281, Section 4, which provides that "where adoptions are for life succession by, through, and from adopted children and their adoptive parents shall be the same as if the adopted children were natural, legitimate children of the adoptive parents."

However, the General Assembly declared in Section 8 of the act of 1941, that "the provisions of Section 4 of this act excluding the last sentence . . . shall apply only to adoptions hereafter made,"—the last sentence not being pertinent here. The act became effective from and after its ratification, and it was ratified on 15 March, 1941. Furthermore, this section was carried forward in the General Statutes of North Carolina of 1943 as G. S., 48-15, entitled "Construction of 1941 Amendment," in these words: "The provision of G. S. 48-6 except for the last sentence, shall apply only to adoptions made after March 15, 1941."

Therefore, since the adoption of Ruth VanWormer Jarrott took place on 2 February, 1924, the provisions of the act of 1941 are inapplicable to her situation, and afford her no relief from the provisions of the statute as it existed prior to the effective date of the 1941 act.

Furthermore, the contention that the part of the 1941 act fixing an effective date creates a discrimination is without merit.

On the appeal of Jean W. VanWormer she merely requests the Court to adjudge what rights, if any, she as the widow of Frank VanWormer, may have in the property of Mary VanWormer Spahr of which he was devisee and legatee under the provisions of the will of Mary VanWormer Spahr,—he having predeceased the testatrix. No argument is advanced and no authority, statutory or otherwise, is cited in support of her exception to the judgment below, and, in the judgment, there is no error in law.

Affirmed.