IN THE MATTER OF THE ESTATE OF JOHN JUNIOR LUCAS, DECEASED; KENNETH E. CONRAD, TANYA R. CONRAD, AND MILLICENT A. CONRAD v. OLA MAE JARRETT, ADMR. OF JOHN JUNIOR LUCAS

No. 8121SC310

(Filed 15 December 1981)

1. **Descent and Distribution § 8— intestate succession—illegitimates—constitutionality of G.S. 29-19(b)(1)**

In an action by illegitimate children of decedent to establish their right, pursuant to G.S. 29-19, to take from decedent's estate, their right to take property by descent or distribution arose after the death of the intestate and not in 1959 and 1962 when decedent was adjudged to be plaintiffs' father. Therefore, their rights vested after the enactment of G.S. 29-19(b) and the application of the statute was not an unconstitutional retroactive application of a change in substantive law.

2. **Bastards § 3.2— putative father's right to counsel—individual right**

The right of an indigent putative father in a paternity suit brought by the State to have counsel appointed to represent him is individual to the father and cannot be asserted by his estate after his death.

3. **Descent and Distribution § 8— claim of inheritance by illegitimates—complaint as notice**

Plaintiffs' verified complaint alleging the basis of their claim of entitlement to inherit from decedent as decedent's illegitimate children satisfied the notice requirement of G.S. 29-19(b) which requires illegitimate children to give

written notice of their claims of inheritance to the personal representatives of their putative fathers' estates within six months after the first publication or posting of general notice to creditors. Once the plaintiffs satisfied the notice requirement of G.S. 29-19(b), and showed that decedent had been adjudged their father under G.S. 49-1 through 49-9, their right to inherit was established as a matter of law.

4. **Executors and Administrators § 5.5— removal of estate's administratrix for false representation**

Where the court found the administratrix of an estate had obtained her letters of administration by false representation or mistake and the administratrix took no exception to this finding, the finding sufficed to support the conclusion that the administratrix should be removed under G.S. 28A-9-1. G.S. 28A-9-4.

APPEAL by plaintiffs and defendant from *Lupton, Judge.* Judgment entered 30 December 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 22 October 1981.

*David B. Hough for plaintiffs.*

*Kennedy, Kennedy, Kennedy & Kennedy, by Harvey L. Kennedy, Harold L. Kennedy, Jr., and Harold L. Kennedy III, for defendant.*

WHICHARD, Judge.

John Junior Lucas died intestate on 17 May 1980. On 27 May 1980 defendant Ola Mae Jarrett, pursuant to renunciation by decedent's mother of her alleged right to administer and to her request that defendant be appointed, applied for letters of administration from the clerk of superior court. In her application defendant listed decedent's mother as the sole heir and distributee and stated that no children were born to decedent. The clerk authorized issuance of letters of administration to defendant on 27 May 1980.

On 6 June 1980 plaintiffs initiated a G.S. 28A-9-1 proceeding before the clerk to revoke the letters of administration issued to defendant and to establish their right, pursuant to G.S. 29-19, to take from the estate as illegitimate children of decedent. Plaintiffs alleged the following in a verified complaint: They were born out of wedlock to their mother, Florence Virginia Conrad, and to their natural father, decedent. Decedent was finally adjudged to be their father in 1959 and 1962 non-support proceedings under

G.S. 49-1 through 49-9. G.S. 29-15 entitled them, rather than decedent's mother, to take from decedent's estate. They, as decedent's heirs, had a right to administer the estate superior to that of decedent's mother or defendant; and they had not renounced that right. Defendant obtained her letters through false representation or mistake regarding the existence of potential heirs and distributees other than decedent's mother.

The clerk issued an order that defendant appear to show cause why she should not be removed as administratrix. At the hearing, attended by plaintiffs and defendant, Florence Virginia Conrad testified for plaintiffs that she had lived out of wedlock with decedent from 1956 until 1980, and had borne nine children by decedent, of whom three were the plaintiffs. She had sworn criminal warrants against decedent for nonsupport of plaintiffs, and the court had adjudged decedent to be their father. Defendant testified that she was decedent's sister and she knew the plaintiffs as the children of decedent.

The clerk ordered defendant removed as administratrix, based upon findings of fact that plaintiffs were the natural children of decedent entitled to take by, through, and from him pursuant to G.S. 29-19(b)(1), that plaintiffs were qualified and entitled to administer the estate (G.S. 28A-4-1(b)(3) ), and that letters of administration had been issued to defendant due to a false representation or mistake. Defendant appealed to the superior court, but made no specific exceptions to the findings of fact or conclusions. Defendant then filed a motion for summary judgment in which she raised for the first time issues concerning the sufficiency of plaintiffs' notice of their claim to satisfy G.S. 29-19(b), and the constitutionality of 29-19(b)(1) on its face and as applied to decedent's estate. Plaintiffs filed a response, together with affidavits of Tanya R. Conrad, Millicent A. Conrad, and Florence Virginia Conrad. They also filed a second notice of the basis of their claim of entitlement to inherit from decedent.

The superior court concluded that plaintiffs' verified complaint and second notice each satisfied G.S. 29-19(b) and therefore plaintiffs, as the natural children of decedent, who had been adjudged their father, were entitled to take by, through, and from his estate. It declared G.S. 29-19(b)(1) to be constitutional both on its face and as applied. Finally, it found insufficient competent

evidence to support the finding that issuance of letters to defendant resulted from false representation or mistake of the defendant. It therefore reversed the clerk's order of removal and adjudged that defendant was properly serving as administratrix.

Plaintiffs and defendant appeal.

### DEFENDANT'S APPEAL

Defendant presents two questions: (1) whether the court erred in declaring G.S. 29-19(b) constitutional, both on its face and as applied to decedent's estate; and (2) whether the court erred in declaring that plaintiffs were entitled to take from the estate. We affirm on both questions.

A. Constitutionality of G.S. 29-19(b)

[1]  G.S. 29-19, in pertinent part, provides:

(b) For purposes of intestate succession, an illegitimate child shall be entitled to take by, through and from:

(1) Any person who has been finally adjudged to be the father of such child pursuant to the provisions of G.S. 49-1 through 49-9 or the provisions of G.S. 49-14 through 49-16;

.  .  .  .

Notwithstanding the above provisions, no person shall be entitled to take hereunder unless he has given written notice of the basis of his claim to the personal representative of the putative father within six months after the date of the first publication or posting of the general notice to creditors.

G.S. 29-19(b) (Cum. Supp. 1979). Defendant asserts that application here of G.S. 29-19(b) constitutes an unconstitutional retroactive application of a change in substantive law. She argues that decedent's rights with respect to intestate succession vested in 1959 and 1962 when he was adjudged to be plaintiffs' father, and therefore that the laws in effect in 1959 and 1962 should apply. Under those laws children born out of wedlock who were not legitimated, either through marriage of their parents or legitimation proceedings, could not inherit from their fathers. *See Jolly v. Queen*, 264 N.C. 711, 142 S.E. 2d 592 (1965).

While it is true that an act cannot be applied so as to interfere with rights which had vested or liabilities which had ac-

crued prior to its enactment, *see Booker v. Medical Center*, 297 N.C. 458, 467, 256 S.E. 2d 189, 195 (1979), application of G.S. 29-19(b) here does not interfere with vested rights or accrued liabilities. The right to take property by descent or distribution does not arise until the death of the intestate. *See Vinson v. Chapell*, 275 N.C. 234, 166 S.E. 2d 686 (1969). Such right is not natural or inherent, but arises purely by operation of law. *Id.* The legislature has the power to make and change the law relative to descent and distribution of property within the state. *See e.g. Wilson v. Anderson*, 232 N.C. 212, 59 S.E. 2d 836 (1950). Accordingly, the disposition of the property of a person who dies intestate is governed by the law as it exists at the time of that person's death. *Vinson*, 275 N.C. 234, 166 S.E. 2d 686; *Wilson*, 232 N.C. 212, 59 S.E. 2d 836. Hence, a person has no right to have his property distributed upon his death intestate according to any law of intestacy other than that in effect at his death. Likewise, a person has no right to the disposition of the property of his ancestor who dies intestate according to any law other than that in effect at the ancestor's death.

All rights regarding descent and distribution of decedent's estate thus vested upon his death intestate in 1980. Those rights vested, therefore, *after* the enactment of G.S. 29-19(b) as it existed at the time of his death. The court, then, properly determined that application of G.S. 29-19(b) to decedent's estate did not interfere with vested rights or accrued liabilities.

Defendant contends *Wilson v. Anderson*, 232 N.C. 212, 59 S.E. 2d 836 (1950), dictates a contrary result. We disagree. The *Wilson* court held that the right of an adopted plaintiff to inherit from the estate of her adoptive father's brother had been established at the time of her adoption. The result in *Wilson* obtained because the final order of adoption, which had the force and effect of a judgment, specifically incorporated the law regarding inheritance by adopted children then in effect. Thus, although the court recognized that disposition of an intestate's property generally is governed by the law in force at the time of his death, when the right of a person to inherit is prescribed and limited by court order that order will control. *Wilson*, 232 N.C. at 220, 59 S.E. 2d at 843. The rights of plaintiffs here to inherit were not so prescribed by court order or judgment prior to decedent's

death. Consequently, the statutes in effect at his death control their rights.

[2] Defendant also asserts that G.S. 29-19(b)(1) cannot constitutionally be applied here because decedent was not represented by counsel when he was adjudged the father of plaintiffs. Although this court in *Wake County ex rel. Carrington v. Townes*, 53 N.C. App. 649, 281 S.E. 2d 765 (1981), has recognized the state constitutional right of an indigent putative father in a paternity suit brought by the state to have counsel appointed to represent him, the question of retroactive application of that decision has not been passed upon. Even if that decision were to be applied retroactively, however, the right there found is individual to the putative father and cannot be asserted by his estate after his death. *See e.g. Stanley, Edwards, Henderson v. Dept. Conservation & Development*, 284 N.C. 15, 199 S.E. 2d 641 (1973).

The court properly concluded that G.S. 29-19(b)(1) was constitutional on its face and as applied to decedent's estate.

B. Declaration that plaintiffs were entitled to take from the estate

[3] Defendant contends the court incorrectly concluded that plaintiffs complaint of 6 June 1980 and a subsequent paper writing of 15 July 1980 each satisfied the notice requirement of G.S. 29-19(b). She argues that G.S. 29-19(b) creates a condition precedent to plaintiffs' standing to enforce their statutory rights, and that neither the complaint nor the July writing constituted the requisite notice.

G.S. 29-19(b) requires that illegitimate children give written notice of their claims of inheritance to the personal representatives of their putative fathers' estates within six months after the first publication or posting of general notice to creditors. This notice requirement is a condition precedent to an illegitimate child's right to receive a distribution from the estate of a father who meets the description in G.S. 29-19(b)(1) or (2). G.S. 29-19(b) does not specify any particular form the required notice must take, however. Plaintiffs' verified complaint seeking revocation of defendant's letters fully alleged the basis of their claim of entitlement to inherit from decedent. The record establishes that defendant, as personal representative of the estate, received the

complaint within the statutory period for notice. We hold that the court correctly concluded that the complaint, timely received, satisfied the notice requirement. We thus do not reach the question of the effect of the subsequent paper writing.

Defendant also contends the court erred in determining plaintiffs' right to inherit from decedent because plaintiffs did not request such a determination in their prayer for relief. Once the plaintiffs satisfied the notice requirement of G.S. 29-19(b), and showed that decedent had been adjudged their father under G.S. 49-1 through 49-9, their right to inherit was established as a matter of law. It did not depend upon a declaration in a court order or judgment. The court's statement that plaintiffs were entitled to inherit was merely an accurate expression of the law as it applied to plaintiffs, and it was proper without a specific request by plaintiffs. Defendant's contention that the court erred in declaring plaintiffs' entitlement is therefore without merit.

## PLAINTIFFS' APPEAL

Plaintiffs present the question whether the court erred in reversing the clerk's decision to remove defendant as administratrix. We hold that it did.

[4] Letters of administration, once issued, are subject to revocation, *inter alia*, on the ground that issuance was obtained by false representation or mistake. G.S. 28A-9-1. Any interested person may appeal to the superior court from the clerk's order granting or denying revocation. G.S. 28A-9-4. *See also In Re Estate of Galloway*, 229 N.C. 547, 50 S.E. 2d 563 (1948). Absent exceptions to specific findings of fact by the clerk, however, a general exception to the judgment presents only the question whether the facts found support the conclusions of law. *In re Taylor*, 293 N.C. 511, 519, 238 S.E. 2d 774, 778 (1977); *In re Estate of Lowther*, 271 N.C. 345, 355-356, 156 S.E. 2d 693, 702 (1967).

Defendant here took no exception to the clerk's findings of fact, but merely excepted to the order in her notice of appeal. In the order revoking defendant's letters the clerk found the following:

> The defendant . . . obtained Letters of Administration . . . by the false representation or mistake of the defendant when she reported to the clerk . . . that the deceased . . . had no

other persons entitled, as heirs and distributees, to the property of the said deceased other than the deceased's mother
. . . .

Because defendant took no exception to this finding, her contentions regarding its alleged erroneous nature were not properly before the superior court and are not properly before us. The sole question presented is whether the finding suffices to support the conclusion that defendant should be removed as administratrix. We hold that, under G.S. 28A-9-1, it does; and that the superior court thus erred in reversing the clerk's decision.

RESULT

In defendant's appeal, affirmed.

In plaintiffs' appeal, reversed.

Judges VAUGHN and HILL concur.