I am handing you herewith a letter directed to me from Honorable Harry McMullan, Attorney-General of North Carolina, attached to which is the letter to him from Dr. Ellen Winston, Commissioner of Public Welfare of North Carolina, in which the question is raised as to *Page 709 
whether or not the Committee Substitute for House Bill No. 65 became a part of the laws of the State of North Carolina enacted by the General Assembly in 1947.
A certified copy of the Committee Substitute for House Bill No. 65, which is designated as Chapter 885 of the Session Laws of 1947, is hereto attached.
For the reason set forth in the letter to me from the Attorney-General and from the Commissioner of Public Welfare, I am constrained to request in the public interest that you render to me your advisory opinion as to whether or not the Committee Substitute for House Bill No. 65 was duly enacted by the General Assembly of 1947 and became a part of the public laws of this State.
An opinion from the members of the Court will set at rest the many and perplexing problems of grave concern which will arise throughout the State by reason of the uncertainty which will exist from and after July 1, 1947, as to what is the law of North Carolina respecting adoptions. In all probability no case could arise from which, in due course, this question could reach the Court in time to avoid the unfortunate results which would follow from reliance upon this statute in the event it should later be held not to be the law of North Carolina.
If considered as consistent with what the members of the Court may think to be a proper course in this matter, I respectfully request that an advisory opinion be rendered to me concerning this important question.
Respectfully, R. GREGG CHERRY, RGC: mw. Governor.
4 June 1947. HONORABLE R. GREGG CHERRY Governor of North Carolina Raleigh, North Carolina.
DEAR GOVERNOR CHERRY:
I have received from Dr. Ellen Winston, Commissioner of Public Welfare of the State of North Carolina, a letter under this date, which is enclosed, requesting my opinion as to the sufficiency of the enactment of the Committee Substitute for House Bill No. 65 of the General Assembly of 1947 entitled "A BILL TO BE ENTITLED AN ACT TO REWRITE CHAPTER 48 OF THE GENERAL STATUTES RELATING TO ADOPTIONS."
The important question which she has submitted has been given a careful consideration by me; but in view of the fact that there is no decision of the Supreme Court of North Carolina to which I can point which will conclusively determine the question which she has presented, *Page 710 
I believe that it is of a high degree of importance that you should request the Chief Justice and the Associate Justices of the Supreme Court of North Carolina to render an advisory opinion as to the enactment of this law which is to go into effect on the first day of July, 1947.
This House Bill No. 65, purporting to rewrite adoption laws of the State, was regularly introduced in the General Assembly and referred to committee. This original bill, as introduced, contained the usual enacting clause as prescribed by Art. II, Sec. 21, of the North Carolina Constitution: The amendments proposed by the committee were of such an extensive nature that, in accordance with approved legislative practice, a substitute bill was prepared by the committee. The committee then reported the original bill with a recommendation that such bill "do not pass," and reported the substitute bill with a recommendation that such substitute "do pass." In accordance with usual legislative practice, the original bill was then placed on the unfavorable calendar where it remained without any further action with respect to it. The substitute bill was adopted, passed by both Houses and ratified. The substitute bill had the same title as the original bill, and contained all the sections which the committee wishes the bill to include. The substitute bill as recommended by the committee, passed by both Houses of the General Assembly, enrolled and ratified, did not contain an enacting clause.
In the case of State v. Patterson, 98 N.C. 660, the Supreme Court of this State held invalid Chapter 113 of the Private Laws of 1887 incorporating a municipality in Cabarrus County because the Act failed to contain the enacting clause, "The General Assembly of North Carolina do enact," as required by Article II, Section 21, of the State Constitution which provides as follows:
"The style of the acts shall be: `The General Assembly of North Carolina do enact.'"
The Court said:
"In the case before us, what purports to be the statute in question has no enacting clause, and nothing appears as a substitute for it."
If the use of the enacting phrase "The General Assembly of North Carolina do enact" in ipsissimis verbis is required by the Constitution, the result would be that the Committee Substitute for House Bill No. 65 was not enacted by both branches of the General Assembly. The Patterson Case, however, does suggest that in lieu of the constitutional language, other language might be used in the Act as a substitute for it.
Section I of the Act provides as follows:
"Chapter 48 of the General Statutes of North Carolina is hereby rewritten to read as follows:
"48-I. Legislative intent; construction of chapter. . . . The General Assembly hereby declares as a matter of legislative policy with respect to adoption that. . . ." *Page 711 
There is other language in the Committee Substitute for House Bill No. 65 which may be considered by the Court as sufficient to identify it as an enactment by the General Assembly.
Sec. 2 of the Act provides as follows:
"All laws and clauses of laws in conflict with this Act are hereby repealed."
Sec. 3 of the Act provides:
"This Act shall become effective July 1, 1947."
I find no other case recited by our Court which would solve the problem posed by these differences between the Committee Substitute for House Bill No. 65 and the Act of the General Assembly considered in the case of Statev. Patterson, and the differences are obvious and important.
As the Committee Substitute for House Bill No. 65 makes many important changes in substance and procedure in the provisions of Chapter 48 of the General Statutes relating to adoption, it is a matter of wide public concern to timely ascertain whether or not House Bill No. 65 was enacted by the General Assembly. This bill purporting to be an Act was read three times in each House of the General Assembly and signed by the presiding officers of both Houses as required by the Constitution, Article II, Section 23. The journals kept by the House and Senate, as required by Article II, Section 16, of the Constitution, disclose that the Committee Substitute for House Bill No. 65 was duly passed upon the several readings in the House and the Senate.
I am informed that the Act which was duly ratified and enrolled in the office of the Secretary of State has been designated as Chapter 885 of the Session Laws of 1947 and is now in process of being printed under the direction of the Secretary of State and shortly will appear as part of the Session Laws of 1947.
Under an Act of the Legislature the duty is imposed upon this office to codify and make as a part of the General Statutes the public laws enacted by the General Assembly of North Carolina which when, so codified, areprima facie the law of the State. On account of the uncertainty as to whether or not the Committee Substitute for House Bill No. 65 has become a part of the law of the State, I, as Attorney-General, am unable to determine whether or not Chapter 48 of the General Statutes should be treated as repealed to the extent in conflict with the Committee Substitute for House Bill No. 65 and whether or no the Committee Substitute for House Bill No. 65 should be included as a part of the codification of the laws of North Carolina.
In view of these important considerations, I am constrained to suggest to you that public interest would justify you in requesting the ChiefJustice and the Associate Justices of the Supreme Court of North Carolina to render to you, and other officers of the State and the several *Page 712 
counties of the State directly concerned in the administration of this law, an advisory opinion as to whether or not the Committee Substitute for House Bill No. 65 has become a part of the statutory law of North Carolina. The numerous adoption proceedings which are now pending and which in due course would be brought in the Courts of North Carolina prior to the next session of the General Assembly may be seriously imperiled and validity brought into question unless the answer to this problem is given by such authority as may be provided in an advisory opinion of the Chief Justice and theAssociate Justices of the Supreme Court. Any opinion expressed by me would be inconclusive and not in anywise binding upon the Courts.
I, therefore, recommend to you that such opinion be requested from theChief Justice and the Associate Justices of the Supreme Court of North Carolina.
Respectfully yours, HARRY McMULLAN, HM :f. Attorney-General.
The following response was made by the Chief Justice and AssociateJustices of the Supreme Court of North Carolina:
 Raleigh, N.C. 9 June, 1947.
To His Excellency, R. GREGG CHERRY, Governor of North Carolina.
 ADVISORY OPINION IN RE HOUSE BILL No. 65, DESIGNATED AS CHAPTER 885 OF THE SESSION LAWS OF 1947.
Your request for an advisory opinion as to whether or not the Committee Substitute for House Bill No. 65 was duly enacted by the General Assembly of 1947, and became a part of the public laws of the State, presents the question whether the purported Act of the General Assembly, designated as Chap. 885, Session Laws of 1947, from which was omitted the enacting clause prescribed by sec. 21, Art. II, of the Constitution of North Carolina, may be regarded as a valid Act of the General Assembly.
Since the Bill referred to undertook to rewrite Chap. 48 of the General Statutes of North Carolina, relating to the adoption of minors, and to repeal the laws on this subject now in force, it becomes important to determine now whether the laws in relation thereto have been repealed and other provisions enacted in lieu thereof, or whether Chap. 48 continues in force as now written. The interest of the public is involved, as human and property rights may be materially affected before the question by orderly procedure could reach this Court. Certainty as to the *Page 713 
proper administration of the law is essential, and the question of incorporation of the Act as part of the General Statutes requires answer before the effective date of the Act. Hence, compliance with your Excellency's request is deemed appropriate.
By the Constitution of North Carolina the legislative power of the people of the State is by them vested in the two branches composing the General Assembly, and certain limitations are placed upon the exercise of this power. Among these is that contained in sec. 21, Art. II, of the Constitution: "The style of the acts shall be: `The General Assembly of North Carolina do enact.'"
It is axiomatic under our system of government that the Constitution within its compass is supreme as the established expression of the will and purpose of the people. Its provisions must be observed by all. The form set out in the quoted section prescribes that the legislative power shall be exercised in a specific manner. A due observance of it is essential. It is not in accord with the nature of written constitutions to incorporate nonessential or unimportant details which may be dispensed with. Those who framed the Constitution, which the people have ratified, placed this requirement in a distinct and separate section. It must be treated as a command. Its observance is essential to the effectiveness of the act. To interpret the Constitution otherwise would permit it to be ignored by the General Assembly, its creature. To be valid and effective the Acts of the General Assembly must be enacted in conformity with the Constitution. Under the quoted section the manner of enactment must be regarded as of its substance. The provision is mandatory. I Cooley Cons. Lim., pg. 81.
This is in accord with the view heretofore expressed by this Court inState v. Patterson, 98 N.C. 660, where the identical section of the Constitution now being considered was interpreted. It was there held that the omission of the enacting clause rendered the purported Act of the General Assembly inoperative and void. And in Scarborough v. Robinson, 81 N.C. 409, by the same reasoning, it was held that the failure of the presiding officers of the two branches of the General Assembly to affix their signatures to an act during the session, as required by sec. 23, Art. II, of the Constitution rendered the act ineffective, and that the judicial power could not be exercised "in aid of an unfinished and inoperative act." In I Sutherland Statutory Construction, sec. 1802, it is said: "In a majority of jurisdictions the constitutional form of enacting clause must be set forth in ipsissimis verbis in every Act."
In the Patterson Cases the Court based its decision that the statute was invalid on the absence of an enacting clause, and added "and nothing appears as a substitute for it." It is suggested that there may be in this Act other words of like import which may be treated as a substitute for *Page 714 
the constitutional form. But from an examination of the statute in question here we do not find a "substitute" for the enacting clause. At most there are expressions in the Act which purport to declare a legislative policy but which fall short of supplying words which may be interpreted as equivalent to the constitutional formula, "the General Assembly of North Carolina do enact." Moreover, it may be doubted whether any substitute for this form should be deemed a compliance with the unequivocal requirement of the Constitution.
Nor may the fact that the bill which passed both branches of the General Assembly was a committee substitute for the original bill be regarded as material. Whatever may have been the form of the bill originally introduced, the bill in the form now presented for consideration was the only bill ever passed and it admittedly contained no enacting clause. The enacting clause must be incorporated in the bill at the time it is passed by both houses of the General Assembly. 59 C. J., 597, sec. 151.
Accordingly, in response to the question propounded in your letter, you are advised that in the opinion of the Chief Justice and Associate Justices
of the Supreme Court, the bill passed by the General Assembly, and now designated as Chapter 885 of the Session Laws of 1947, was not enacted in conformity with the Constitution, and must be regarded as inoperative and void.
Respectfully submitted,
 WALTER P. STACY, Chief Justice. MICHAEL SCHENCK, W. A. DEVIN, M. V. BARNHILL, J. WALLACE WINBORNE, A. A. F. SEAWELL, EMERY B. DENNY, Associate Justices.
 *Page 1