GLADYS HUNTER WILSON v. A. K. ANDERSON AND ZOE ANDERSON
STRAWN, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF
HARRY P. HUNTER; HENRY LEE ANDERSON, WILLIAM T. ANDER-
SON, JR., RUTH S. A. GREENWALD, AND JANE BROOKE ANDERSON.

(Filed 18 October, 1950.)

**Descent and Distribution § 6—**

The right of an adopted child to inherit vests as of the death of her
adoptive parent, and therefore where the parent dies prior to the effective
date of the Act of 1947 creating a new rule of descent and of distribution,
the Act is not applicable. G.S. 29-1 (14), G.S. 28-149 (10).

PETITION by plaintiff to rehear this case, reported *ante,* 212, 59 S.E. 2d
836, where the facts as shown in the record on appeal are fully stated.
Since the filing of the petition to rehear the parties, through their re-
spective attorneys, have stipulated in writing that Malcolm Hunter, the
adoptive parent of plaintiff, died 23 March, 1943.

*John H. Small for plaintiff, appellant.*
*Francis H. Fairley for defendants, appellees.*

WINBORNE, J. When the points raised in the petition as grounds
upon which plaintiff bases her petition for a rehearing are considered
in the light of the facts appearing in the record on appeal and of the
further fact covered by the stipulation of the parties as above stated, it
appears that in any event the provisions of the Acts of 1947 creating
the new rule of descent, G.S. 29-1 (14), and of distribution, G.S. 28-
149 (10), relative to rights of an adopted child are not available to
plaintiff. Whatever rights of succession she acquired by her adoption
became vested upon the death of her adoptive parent. And, at that
time the statute pertaining to adoption of minors, P.L. 1941, Chapter
281, giving to an adopted child the right to succession through the adop-
tive parent, applied only to adoption made after 15 March, 1941. See
Sections 4 and 8, Chapter 281, P.L. 1941. See also *Phillips v. Phillips,*
227 N.C. 438, 42 S.E. 2d 604.

Hence the petition to rehear is
Dismissed.