VERNELL B. BENNETT AND HER HUSBAND, JAMES M. BENNETT v. O. L. CAIN, ADMINISTRATOR OF THE ESTATE OF GEDDIE F. CAIN, DECEASED, AND O. L. CAIN, INDIVIDUALLY AND HIS WIFE, HESBA CAIN; A. B. CAIN AND WIFE, LILLIAN CAIN; HILARY T. CAIN AND WIFE, ISABEL CAIN; RUTH C. BALLENGER, WIDOW; SELMA REGAN AND HUSBAND, ROBERT REGAN; LUCAS CAIN AND WIFE, HERMA CAIN; ELVIN CAIN AND WIFE, SARAH CAIN; MINNIE ALLEN AND HUSBAND, J. E. ALLEN; NELSON COBLE AND WIFE, PETE COBLE; MARGARET PAIT AND HUSBAND, FELTON PAIT; PAUL COBLE AND WIFE, LOUISE COBLE; EULA MAE DAVIS AND HUSBAND, JOSEPH DAVIS; HARVEY COBLE AND WIFE, MRS. HARVEY COBLE; EMPIE CAIN AND WIFE, LILA CAIN; EUNICE CAIN; JULIUS CAIN AND WIFE, VERNICE CAIN; HARVEY CAIN AND WIFE, SALLIE CAIN; F. C. CAIN AND WIFE, RITA CAIN; WESLEY BRITT, SINGLE; PEGGY RATLEY, MINOR; LAVERN BRITT, MINOR; JOE BRITT, MINOR AND WIFE, LINDA BRITT, MINOR; HILDA B. ELLIS, MINOR, AND HUSBAND, EDWARD ELLIS, MINOR; AND ALL UNKNOWN HEIRS AND DISTRIBUTEES OF GEDDIE F. CAIN, DECEASED.

(Filed 21 May, 1958.)

**1. Adoption § 1—**

Statutes dealing with adoption and creating rights to succession in an adopted child ordinarily will be given prospective effect only under the general rule that statutes in derogation of the common law will be strict-

ly construed, but where the statute expressly provides that its provisions shall apply to adoptions whether granted before or after the effective date of the act, there is no occasion for interpretation, and the act applies to the devolution of estates of those dying intestate after the passage of the act, regardless of the date of the decree of adoption.

**2. Same:    Descent and Distribution § 6—**

Under the provisions of sec. 6, Chapter 813, Session Laws of 1955, an adopted child is entitled to inherit property from the brother of the adopting parent, notwithstanding that the decree of adoption was entered prior to the passage of the statute. G.S. 28-149, G.S. 29-1, G.S. 48-23.

**3. Descent and Distribution § 1—**

The Legislature has the power to determine who shall take the property of a person dying subsequent to the effective date of a legislative act.

APPEAL by defendants from *Mallard, J.,* November 1957 Term of BLADEN.

*Clark, Clark & Grady for plaintiff, appellees.*
*Hester and Hester for defendant, appellants.*

RODMAN, J.   Vernelle B. Bennett (hereafter referred to as plaintiff) was adopted for life by Minnie Cain Beard and husband by decree of the Superior Court of Cumberland County on 13 February 1923. Mrs. Beard died 22 July 1955. She had no natural descendants. Plaintiff was her only adopted child.

Geddie F. Cain, a brother of Mrs. Beard, died intestate in Bladen County in June 1956. O. L. Cain, a brother of Geddie F. Cain, is administrator of his estate. The remaining defendants are a brother and nephews and nieces of Geddie F. Cain.

Plaintiff asserts that as the adopted child of Minnie Cain Beard, deceased, she is entitled to share in the estate of Geddie F. Cain. Defendants deny plaintiff's asserted right.

The measure of plaintiff's right is found in the statutes regulating adoption, descent and distribution. Adoption, the creation of the artificial but legal relationship of parent and child, was not known to the common law. Our first statute authorizing and regulating adoptions was ratified 3 March 1873. Under that Act, as under the present statute, the relationship was created by decree of a court upon a petition properly filed. The Act permitted adoption for minority or for life of the adopted child. When the adoption was for life, the petitioner was accorded the privilege of permitting the adopted child to inherit from him. But the Legislature did not give the adopting parent the privilege of investing his adopted child with unlimited succession rights. Sec. 3, c. 155, Laws 1872-73; Revisal 177; C.S. 185; *Love v. Love,*

179 N.C. 115, 101 S.E. 562; *Grimes v. Grimes,* 207 N.C. 778, 178 S.E. 573.

The adoption did not constitute a revocation *pro tanto* of a will previously made by the adopting parent. *Sorrell v. Sorrell,* 193 N.C. 439, 137 S.E. 306. The adoption did not vest in the adopting parent any right to inherit from the adopted child. *Edwards v. Yearby,* 168 N.C. 663, 85 S.E. 19.

Not until 1941 did the Legislature make a material change in that portion of the adoption statute which prescribed the right to succession to property on death. The Legislature, in 1941, made numerous amendments to the adoption statute. Among other amendments it provided: ". . . where adoptions are for life succession by, through, and from adopted children and their adoptive parents shall be the same as if the adopted children were the natural, legitimate children of the adoptive parents. . . . Further, for all other purposes whatsoever a child adopted for life and his adoptive parents shall be in the same legal position as they would be if he had been born to his adoptive parents." That Act further provided that an adopted child could not inherit from his natural parents or natural kin except when necessary to prevent the property from escheating. Sec. 4, c. 281, P.L. 1941. But this enlargement of our adoption statute granting the right to take by unlimited inheritance was, by the express provision of sec. 8, restricted to adoptions occurring subsequent to 15 March 1941, the date of ratification. *Phillips v. Phillips,* 227 N.C. 438, 42 S.E. 2d 604.

The 1947 Legislature dealt with adoption proceedings, descent and distribution in three separate packages. C. 832 amended the Statute of Descents by adding three rules. Rule 14 so added provided: "An adopted child shall be entitled by succession or inheritance to any real property by, through, and from its adoptive parents the same as if it were the natural, legitimate child of the adoptive parents."

A like change was made in the Statute of Distribution by c. 879.

The attempt to rewrite the adoption statutes proved abortive since c. 885 of the Session Laws of 1947 contained no enacting clause and hence had no validity. *In re* Advisory Opinion *in re* House Bill No. 65, 227 N.C. 708, 43 S.E. 2d 73.

The 1949 Legislature duly enacted the adoption statute which was approved but not enacted by the 1947 Legislature. C. 300 S.L. 1949. This statute, incorporated as c. 48 of the General Statutes, with modifications and amendments made by the 1953, 1955, and 1957 Sessions, is the statute law of this State relating to adoption as it exists today.

Were the rights accorded adopted children by the 1947 and 1949 Legislatures to inherit as if they were the natural, legitimate children of their adoptive parents applicable to adoptions occurring prior to

the ratification of those Acts or did the Leigslature intend to make all three of the statutes apply only to those who were adopted subsequent to the effective dates of those Acts? When this question was presented to the Court, it was called upon to ascertain legislative intent by applying well-recognized rules for statutory construction.

Statutes dealing with adoption and creating rights of succession to property in an adopted child are in derogation of the common law. Hence they are strictly construed. *Grimes v. Grimes, supra; Ward v. Howard,* 217 N.C. 201, 7 S.E. 2d 625. Applying this rule, the Court, in *Wilson v. Anderson,* 232 N.C. 212, 59 S.E. 2d 836, 18 ALR 2d 951 (rehearing denied, 232 N.C. 521, 61 S.E. 2d 447) reached the conclusion that it was not the intent of the Legislature that those adopted prior to the statutory changes should take more than was permitted at the time of the adoption.

That the Court reached the correct legislative intent is, we think, evidenced by the fact that no change was made by the Legislatures of 1951 or 1953.

The 1955 Legislature, by c. 813, again amended the statutes of descent and distribution and the statute regulating adoptions and in each instance provided in substance that the adopted child should have the same right to inherit by, through, or from the adoptive parent as if he were the legitimate child of the adoptive parent. G.S. 28-149, G.S. 29-1, and G.S. 48-23. Sec. 6 of the 1955 statute expressly provides: "The provisions of this Act shall apply to adoptions, whether granted before or after the effective date of the Act," and sec. 9 declared the effective date 1 July 1955. Here then is explicit language by the Legislature that the right of an adopted child to take property as a result of intestacy occurring subsequent to 1 July 1955 should be governed and controlled by the statutes of descent and distribution in effect on 1 July 1955. There is no occasion for interpretation.

The power of the Legislature to determine who shall take the property of a person dying subsequent to the effective date of a legislative act cannot be doubted. *Rutherford v. Green,* 37 N.C. 121; *Woodard v. Blue,* 103 N.C. 109; *Nelson v. Hunter,* 140 N.C. 598; *In re Morris Estate,* 138 N.C. 259; *Edwards v. Yearby, supra; Corporation Com. v. Dunn,* 174 N.C. 679, 94 S.E. 481; *Rhode Island Hospital v. Doughton,* 187 N.C. 263, 121 S.E. 741; *Trust Co. v. Shelton,* 229 N.C. 150, 48 S.E. 2d 41; *Wilson v. Anderson, supra; Bradford v. Johnson,* 237 N.C. 572, 75 S.E. 2d 632; *Ostrander v. Preece,* 103 ALR 218; *Irving Trust Co. v. Day,* 314 U.S. 556, 86 L ed 452.

Both the adoptive parent and her brother in whose property plaintiff asserts a right died subsequent to the ratification and effective

date of the 1955 statute. This statute gave plaintiff the right to participate in the division of the Cain estate.

Affirmed.