J. ARTHUR JOHNSON, M. CARL JOHNSON, LELIA J. SIMMONS, LOTTIE J. PIERCE, EVELYN J. STAKES, REBA B. HUFFMAN, CONNIE B. WORD, PRESTON J. BLACKWELDER, JR., EARL THORNTON BLACKWELDER, JR., MAMIE B. WALLACE, RUBY B. CROWE, SALLIE B. COOKE, MAGGIE B. SMITH, VIRGINIA B. BUCK, JUNE COKER, EDWARD METHVIN BLACKWELDER, WILLIE B. HALL, DAVID EUGENE BLACKWELDER, BUFORD MARTIN BLACKWELDER, MYRTLE E. MORGAN, MAMIE E. AGNER, ADA FRANCES EFIRD BROWN, ZULA B. SHELTON, DARA W. SANDERS, VIVIAN WALTER, RUTH W. HORTON, PAULINE W. TOWNSEND, BLANCH W. WEBBER, VERNON C. BLACKWELDER, LOMA B. GARVER, RAYMOND A. BLACKWELDER, EMMA B. PLANT, R. D. BLACKWELDER, KATHRINE B. WEBB, MILDRED B. BRINKLEY, AND MYRTLE B. RITCHIE, v. LELA J. BLACKWELDER, ADMINISTRATRIX OF J. M. BLACKWELDER, DECEASED, AND LELA J. BLACKWELDER, INDIVIDUALLY.

(Filed 4 May, 1966.)

1. **Descent and Distribution § 1—**

　　Under the provisions of G.S. 29-14 the widow is entitled to the net estate if the intestate is not survived by a child, children, or lineal descendant of a deceased child or children, or by a parent.

2. **Same; Constitutional Law § 23—**

　　An estate must be distributed in accordance with the law in effect at the time of the death of intestate, and a person is charged with knowledge that the statutes of distribution are subject to change by the General Assembly.

3. **Descent and Distribution § 1—**

　　The fact that a decedent became mentally incompetent to make a will prior to the effective date of the Intestate Succession Act and died after its effective date, does not affect the rule that his estate must be distributed in accordance with the laws in effect at the time of his death, and the contention that he was satisfied with the law of distribution at the time he became mentally incompetent but that he would not have been satisfied after the change in the law and would have made a will had he then been competent to do so, relates to matters wholly within the realm of speculation and is untenable.

MOORE, J., not sitting.

APPEAL by plaintiffs from *Gambill, J.,* September 1965 Session of ROWAN.

The hearing below was on demurrer to complaint for failure to state facts sufficient to constitute a cause of action.

Plaintiffs' allegations, summarized, are as follows:

James Michael Blackwelder (Intestate) died June 18, 1962, intestate, leaving an estate consisting of real and personal property of a value in excess of $150,000.00. He was survived by his widow, Lela J. Blackwelder, who qualified as administratrix of her husband's estate. She is defendant herein as administratrix and individually. Intestate was also survived by collateral relatives, plaintiffs herein. They are lineal descendants of Intestate's brothers and sisters.

Prior to June 10, 1959, Intestate became mentally incompetent to make a will or to in any way alter or change the disposition of his property, which condition existed and continued without change or interruption until his death.

Plaintiffs assert they are the owners of and entitled to one-half of the residual personal estate of Intestate, after payment of the reasonable cost of administration and $10,000.00 to the widow, and that they are the owners of all of the real estate of Intestate, subject to the dower interest of the widow. Plaintiffs pray that judgment be entered directing the administratrix to distribute the personal estate of Intestate "in accordance with the provisions of the intestate succession laws of the State of North Carolina as said laws existed on the 9th day of June 1959," and that the court enter appropriate orders to safeguard and protect plaintiffs' asserted rights.

The court, being of opinion that "the defendant, Lela J. Blackwelder, is entitled to his entire net estate as his surviving widow inasmuch as there were no lineal descendants of the said J. M. Blackwelder," sustained the demurrer and dismissed the action. Plaintiffs excepted and appealed.

*Hartsell, Hartsell & Mills and K. Michael Koontz for plaintiff appellants.*

*Alexander & Brown and Williams, Willeford & Boger for defendant appellees.*

BOBBITT, J. Section 15 of Chapter 879, Session Laws of 1959, known as the Intestate Succession Act, now codified as G.S. Chapter 29, provides: "This Act shall become effective July 1, 1960, and shall be applicable only to estates of persons dying on or after July 1, 1960."

Intestate died June 18, 1962.

G.S. 29-13 provides: "All the estate of a person dying intestate shall descend and be distributed, subject to the payment of costs of administration and other lawful claims against the estate, and subject to the payment by the recipient of State inheritance taxes, as provided in this chapter."

G.S. 29-14, in pertinent part, provides: "The share of the surviving spouse shall be as follows: . . . (4) If the intestate is not survived by a child, children or any lineal descendant of a deceased child or children or by a parent, all the net estate." See *Tolson v. Young,* 260 N.C. 506, 509, 133 S.E. 2d 135. There being no lineal descendents, under G.S. 29-14 the surviving widow was entitled to "all the net estate" of Intestate.

It is well settled that "an estate must be distributed among heirs and distributees according to the law as it exists at the time of the death of the ancestor." 23 Am. Jur. 2d, Descent and Distribution § 21, citing, *inter alia, Wilson v. Anderson,* 232 N.C. 212, 59 S.E. 2d 836, 18 A.L.R. 2d 951, and *s. c.* on rehearing, 232 N.C. 521, 61 S.E. 2d 447, 18 A.L.R. 2d 959.

Intestate had no vested right in the statutes of descent and distribution in effect prior to the ratification on June 10, 1959, of the Intestate Succession Act. He was charged with knowledge that these statutes were subject to change by the General Assembly. "The power of the Legislature to determine who shall take the property of a person dying subsequent to the effective date of a legislative act cannot be doubted." *Bennett v. Cain,* 248 N.C. 428, 431, 103 S.E. 2d 510, and cases cited.

Plaintiffs base their contention on the allegation that Intestate became mentally incapable of making a will prior to ratification of the 1959 Act and that such mental incapacity continued until his death.

Plaintiffs' contention assumes: Before he became mentally incapable of making a will, Intestate had knowledge of and was pleased with the statutes of descent and distribution; and, if he had made a will, he would have disposed of his estate as provided by the statutes then in effect. He would have been displeased with the provisions of the 1959 Act; and, but for his mental incapacity, would have made a will disposing of his estate as provided by the statutes in effect prior to ratification of the 1959 Act.

The successive assumptions underlying plaintiffs' contention are unwarranted. They relate to matters that lie wholly within the realm of speculation.

The determinative fact is that Intestate made no will. Hence, his estate "shall descend and be distributed" in accordance with the statutes in effect on June 18, 1962, the date of his death, namely,

G.S. Chapter 29. The court properly sustained the demurrer; and, it appearing affirmatively that plaintiffs have no cause of action as alleged heirs and distributees of Intestate, properly dismissed the action. Hence, the judgment of the court below is in all respects affirmed.

Affirmed.

Moore, J., not sitting.