ALGIE J. FULLAM, Individually and in his Capacity as Administrator c. t. a. of the Estate of LILLIAN CLARK BROCK, v. DEAVER DUNSMORE BROCK, Incompetent, J. M. BALEY, JR., as Guardian of DEAVER DUNSMORE BROCK, Incompetent, EUGENIA COLE STEVENS, SADIE STEVENS, ANNIE JUSTICE GREENE, MARJORIE FULLAM, MARY O. VEHORN, THE DIOCESE OF WESTERN NORTH CAROLINA OF THE PROTESTANT EPISCOPAL CHURCH Through its Trustees; M. GEORGE HENRY, KINGSLAND VAN WINKLE, CHARLES E. WADDELL, V. JORDAN BROWN, J. G. ADAMS, JR., BRUCE V. SELVIS; HERMAN STEVENS as Last Surviving Trustee of BOARD OF CEMETERY TRUSTEES OF LEICESTER EPISCOPAL CEMETERY; METHODIST CHURCH OF LEICESTER, NORTH CAROLINA Through its Trustees: WILLIAM E. "BILL" REEVES, HAL WELLS, STAN C. SLUDER, PAUL PARRIS; BELL METHODIST CHURCH OF LEICESTER Through its Trustees: G. F. BRIDGES, GAY KENNERLY, JAMES MOORE; EVERETT CLARK; THE CHILDRENS HOME, INCORPORATED, a Corporation.

(Filed 24 July, 1967.)

1. **Wills § 1—**
    A person has no inherent or constitutional right to dispose of his property by will, but such right is conferred and regulated solely by statute.

2. **Constitutional Law § 6—**
    Even though existing constitutional provisions do not authorize the General Assembly to enact a particular statute, it may enact such statute in anticipation of a constitutional amendment authorizing it to do so, and provide that the statute should become effective, in the event of the approval of the amendment, on the date of its certification.

3. **Wills § 60—**
    At the time of the wife's death, the constitutional amendment authorizing the Legislature to empower the husband to dissent from his wife's will had been certified, but Chapter 849, Session Laws of 1965, re-enacting G.S. 30-1, 30-2, and 30-3 had not become effective. However, the statute directing the submission of the amendment provided that upon its certification, the word "spouse" in statutes dealing with testate and intestate successions, should apply alike to both husband and wife. *Held:* The husband had a right to dissent from his wife's will under the anticipatory provisions of the statute directing the submission of the amendment. Constitution of North Carolina, Art. X, § 6.

4. **Same; Insane Persons § 4—**
    The guardian of an incompetent widower is authorized to file a dissent by him from his wife's will. G.S. 30-2.

APPEAL by Deaver Dunsmore Brock, an incompetent person, appearing by his guardian, J. M. Baley, Jr., from *Martin, S.J.,* 9 January 1967 Civil "A" Session of BUNCOMBE.

Civil action, pursuant to the provisions of G.S. 1-253, for a determination of the rights, status, and other legal relations under the last will and testament of Lillian Clark Brock, a deceased person, and the guidance of the Court in the administration of the estate.

Lillian Clark Brock, late of Buncombe County, North Carolina, died testate without issue or parent surviving her on 14 March 1965. On 27 April 1965 her last will and testament was duly admitted to probate by the clerk of the Superior Court of Buncombe County, North Carolina, and is duly recorded in Will Book KKK, p. 417 *et seq.,* in the office of the clerk of the Superior Court of Buncombe County. On 17 May 1965 Algie J. Fullam qualified as administrator c. t. a. of the estate of Lillian Clark Brock, and is now acting as such administrator.

On 22 March 1962 Deaver Dunsmore Brock, the second husband of Lillian Clark Brock, was adjudged incompetent to manage his affairs by the clerk of the Superior Court of Buncombe County. On 7 April 1965 J. M. Baley, Jr., was appointed by the clerk of the Superior Court of Buncombe County as general guardian of Deaver Dunsmore Brock, and is now acting as such guardian. On 6 July 1965 J. M. Baley, Jr., as guardian of said incompetent, filed in his behalf a dissent from the will of Lillian Clark Brock, deceased.

Lillian Clark Brock at the time of her death owned a farm in Leicester Township, Buncombe County, North Carolina. In her last will and testament she devised to Deaver Dunsmore Brock a life interest in this farm, with remainder in fee to Algie J. Fullam, plaintiff administrator, and to Everett Clark (Items 2 and 11 of her last will and testament). Also, in Item 2 of her will she bequeathed to her husband the sum of $10,000 cash, and her solitaire diamond ring. This bequest and devise was dependent upon Deaver Dunsmore Brock surviving her, which in fact he did.

Everett Clark, a devisee under Item 2 of her last will and testament, questioned the right of the surviving husband to dissent from her last will and testament, upon the ground that no statute permitting a dissent by him had been enacted prior to the death of Lillian Clark Brock, and subsequent to the ratification on 6 February 1964 of the constitutional amendment relevant thereto.

Algie J. Fullam, individually and in his capacity as administrator c. t. a. of the estate of Lillian Clark Brock, instituted this civil action to obtain a declaratory judgment, pursuant to the provisions of G.S. 1-253 *et seq.,* to have a determination of the rights, interests, and status of persons to whom bequests and devises were given in the will, and particularly advice and guidance in the administration of the estate as to the legal effect of the dissent of Deaver Dunsmore Brock, an incompetent person appearing by his general guardian J. M. Baley, Jr., from the last will and testament of Lillian Clark Brock.

It appears that all parties who have or claim any interest which

would be affected by this judgment have been made parties defendant and have been duly served with process.

In the hearing before Judge Martin, the plaintiff was represented by the Honorable Sam M. Cathey; the incompetent person, Deaver Dunsmore Brock, was represented by his general guardian, J. M. Baley, Jr., of the law firm of Parker, McGuire and Baley; the defendant, Bell Methodist Church of Leicester, North Carolina, was represented by John Geizentanner; and the defendant Everett Clark was represented by Lamar Gudger.

The court recited in its judgment that all the ultimate facts material to the judgment entered were admitted by the pleadings or were within the judicial notice of the court. The court found as facts, *inter alia,* as follows:

9. "That the General Assembly of North Carolina, in its 1963 Session enacted legislation directing submission of a constitutional amendment to a vote of the people whereby Article X, Section 6 of the State Constitution would be amended so as to eliminate said article's prohibition of male spouse's dissent as said article had theretofore been construed by the Supreme Court of North Carolina, in *Dudley v. Staton,* 257 N.C. 572 (1962), and in a separate section of said act stated that 'from and after the date of certification of the amendments set out in section 1 of this Act wherever the word "spouse" appears in the General Statutes with reference to testate or intestate successions, it shall apply alike to both husband and wife.' "

10. "That the said constitutional amendment to Article X, Section 6 of the North Carolina Constitution was submitted to a vote of the people on January 14, 1964, and was approved, and that the results of said vote were certified by the Governor of the State of North Carolina on February 6, 1964."

11. "That the General Assembly of North Carolina in its 1965 Session enacted Chapter 849 which was to become effective on June 8, 1965."

Based upon the above findings of fact the court made the following conclusions of law:

1. "That Article X, Section 6 of the Constitution of North Carolina was in force and effect throughout the year 1963, and placed it beyond the power of the General Assembly to restrict, abridge or impair the right of a married woman to dispose of her property by Will as if she were unmarried."

2. "That at the time of its enactment, Section 4.1 of Chapter 1209 of the Session Laws of 1963 was in contravention of Article

X, Section 6 of the North Carolina Constitution and therefore void."

3. "That on March 14, 1965, at the time of the death of Lillian Clark Brock, Deaver Dunsmore Brock had no right to dissent to the Will of his deceased wife."

4. "That the paper writing (Exhibit "2" attached to plaintiff's complaint) purporting to be the dissent of Deaver Dunsmore Brock and executed by J. M. Baley, Jr., as his Guardian is void and of no legal force and effect."

7. "That as result of the failure of the dissent of Deaver Dunsmore Brock under the court's conclusions 1 through 5 aforesaid, the funeral expenses of Lillian Clark Brock, deceased, shall be paid by the Administrator c. t. a. of her Estate pursuant to Item 1 of her Will."

Based upon its findings of fact and conclusions of law, the court adjudged and decreed, *inter alia,* as follows: "1. That the dissent of Deaver Dunsmore Brock is void and of no force and effect."

From the judgment Deaver Dunsmore Brock, an incompetent person, by and through his general guardian J. M. Baley, Jr., excepted and appealed. We have not incorporated in the statement of facts the findings of fact, conclusions of law, and judgment of Judge Martin in respect to other matters sought in this action, for the simple reason that no party has excepted to a single one of them, and appealed.

*Parker, McGuire & Baley by Richard A. Wood, Jr., for J. M. Baley, Jr., Guardian of Deaver Dunsmore Brock, incompetent, defendant appellant.*

*Gudger & Erwin by Lamar Gudger and Ronald W. Howell for Everett Clark, defendant appellee.*

PARKER, C.J.   There is no common-law right to make a will. The right to make a will is not a natural, inalienable, inherited, fundamental, or inherent right, and it is not one guaranteed by the Constitution. The right to make a will is conferred and regulated by statute. *Paul v. Davenport,* 217 N.C. 154, 7 S.E. 2d 352; 94 C.J.S., Wills, § 3.

In *Irving Trust Co. v. Day,* 314 U.S. 556, 86 L. Ed. 452, the Court said, *inter alia:* "Rights of succession to the property of a deceased, whether by will or by intestacy, are of statutory creation, and the dead hand rules succession only by sufferance. Nothing in the Federal Constitution forbids the Legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction."

The General Assembly has power to enact a statute not authorized by the present Constitution where the statute is passed in anticipation of a constitutional amendment authorizing it or provides that it shall take effect upon the adoption of such constitutional amendment. 16 Am. Jur. 2d, Constitutional Law, § 180.

In *Bennett v. Cain,* 248 N.C. 428, 103 S.E. 2d 510, the Court said, with plenary citation of authority to support the statement: "The power of the Legislature to determine who shall take the property of a person dying subsequent to the effective date of the legislative act cannot be doubted."

This is said in Annot. 171 A.L.R. 1075: "A Legislature has power to enact a statute not authorized by the present Constitution where the statute is passed in anticipation of a constitutional amendment authorizing it or provides that it shall take effect upon the adoption of such a constitutional amendment." In support of the statement, cases are cited from the Supreme Court of the United States, and from nine states.

In *Druggan v. Anderson,* 269 U.S. 36, 70 L. Ed. 151, the Court considered the Eighteenth Amendment to the Federal Constitution which was ratified and became effective 16 January 1916, but provided that prohibition therein declared should not become operative until after one year. The National Prohibition Act was passed after the ratification of the amendment, but before the expiration of the year, and provided that it was not to go into effect until after the amendment did. The Court in upholding the act and holding that it went into effect on 16 January 1920, made the incidental observation that "indeed it would be going far to say that while the fate of the amendment was uncertain Congress could not have passed a law in aid of it, conditioned upon the ratification taking place."

In *Dudley v. Staton,* 257 N.C. 572, 126 S.E. 2d 590, (opinion filed 10 July 1962), this Court held, as correctly summarized in the headnote in the North Carolina Reports:

> "G.S. 30-1, G.S. 30-2, and G.S. 30-3, insofar as they give a husband the right in certain instances to dissent from his deceased wife's will and take a specified share of her estate are unconstitutional to the extent that they diminish *pro tonto (sic)* a devise of her separate estate in accordance with a will executed by her. Constitution of North Carolina, Art. X, § 6."

To abrogate the effect of that decision, and to make the rights of husbands and wives the same in each other's separate property, the General Assembly in its 1963 Session enacted Chapter 1209 which is entitled: "AN ACT TO AMEND ARTICLE X, SECTION 6 OF THE CONSTITUTION OF NORTH CAROLINA, WITH RESPECT TO A

FULLAM v. BROCK.

MARRIED WOMAN'S RIGHT TO TRANSFER HER SEPARATE PROPERTY BY DEED AND BY WILL TO EXERCISE POWERS OF ATTORNEY CONFERRED UPON HER BY HER HUSBAND." This Act of the General Assembly directed the submission of a constitutional amendment at the next general election whereby Article X, Section 6 of the Constitution would be amended to read, in substance: The real and personal property of any female in this State may be devised and bequeathed by her "subject to such regulations and limitations as the General Assembly may prescribe." Section 4½ of this Act provided in substance that in the event a majority of the voters in such general election be in favor of the amendments hereinbefore provided for, G.S. 52-4 shall be repealed and said repeal shall be effective on the date the Governor certifies the amendments to the Secretary of State. Section 4.1 provided: "From and after the date of certification of the amendments set out in Section 1 of this Act, wherever the word 'spouse' appears in the General Statutes with reference to testate or intestate successions, it shall apply alike to both husband and wife." This Act was ratified on 26 June 1963. A majority of votes cast by the qualified voters of this State on 14 January 1964 were in favor of the amendments, and such result was duly certified by the Governor of the State of North Carolina on 6 February 1964.

The General Assembly at its 1965 Session enacted Chapter 849, which is entitled: "AN ACT TO RE-ENACT G.S. 30-1, 30-2, AND 30-3, RELATING TO DISSENT FROM WILLS." Section 2 of this Act reads as follows:

> "This re-enactment of G.S. 30-1, G.S. 30-2 and G.S. 30-3 shall not be construed as a legislative determination that, with respect to the right of a husband to dissent from his wife's will, these Sections were invalid between the date of certification of the amendments to Article X, Section 6 and the date of ratification of this Act. This intention is manifested by the following language of Section 4.1 of Chapter 1209 of the Session Laws of 1963: 'From and after the date of certification of the amendments set out in Section 1 of this Act, wherever the word "spouse" appears in the General Statutes with reference to testate or intestate succession, it shall apply alike to both husband and wife.'"

Section 4 of this Act provides that it shall be in full force and effect from and after its ratification. It was ratified on 8 June 1965.

Pursuant to Chapter 1209, Session Laws 1963, the constitutional amendment to Article X, Section 6 was submitted to a vote of the people on 14 January 1964, and was approved, and the result of the

vote was duly certified on 6 February 1964. In Section 4 of the Act it is expressly provided that if a majority of the voters cast their votes in favor of the amendment, "the amendment so certified shall be in full force and effect from and after the date of certification." The 1965 Session of the General Assembly re-enacted the law of dissent in its 1965 Session by passing Chapter 849, Session Laws 1965, which Act was ratified on 8 June 1965. The dissent of Deaver Dunsmore Brock in this case was filed on 6 July 1965.

At the time of testatrix's death, the State Constitution, Article X, Section 6, read in part: "The real and personal property of any female in this State acquired before marriage. . . , shall be and remain the sole and separate estate and property of such female . . . and may be devised and bequeathed and conveyed by her subject to such regulations and limitations as the General Assembly may prescribe."

The testatrix here died on 14 March 1965. At her death the Constitution, Article X, Section 6 had been amended as set forth above. Her absolute power to dispose of her property by will and to deprive her husband of the right to dissent therefrom, had been abrogated by the Legislature and the express vote of the people. ". . . (A)ccording to most authorities, the right to make a testamentary disposition of property is not an inherent, natural, or constitutional right, but is purely a creature of statute, and, as such, is subject to legislative regulation and control, at least in respect of the disposition of real estate. Aptly stated, the dead hand rules succession only by sufferance." 57 Am. Jur., Wills, § 52. Under the facts here no vested rights of plaintiff and Everett Clark have been impaired.

It is our opinion, and we so hold, that the effect of the adoption of the amendment by the voters to Article X, Section 6 of the Constitution was to restore, subject to the qualifications set forth in the statute, the right of the husband to dissent from the will of his wife. See 1 Wiggins, Wills and Administration of Estates in North Carolina, p. 537.

At the time the will of Lillian Clark Brock was probated, her husband Deaver Dunsmore Brock had been legally adjudged incompetent from want of understanding to manage his affairs. As authorized by G.S. 30-2, as set forth in the 1961 amendment, J. M. Baley, Jr., his general guardian, was authorized to file a dissent for him from his wife's will.

The judgment of the lower court to the effect "that the dissent of Deaver Dunsmore Brock is void and of no force and effect" is

Reversed.