NANNIE D. VINSON v. MINNIE V. CHAPPELL, ADMINISTRATRIX C.T.A. OF JOHN A. VINSON, DECEASED; MINNIE V. CHAPPELL, INDIVIDUALLY; LIZZIE SASSER, MERL C. McCLENNY, ADMINISTRATOR OF THE ESTATE OF DAVID J. VINSON, DECEASED; SALLIE H. VINSON, WIDOW; MARGARET V. McCLENNY AND FRANCES V. BRYANT

No. 13

(Filed 9 April 1969)

**1. Wills § 61— right of surviving spouse to dissent from a will**

Where testator leaves surviving him a wife and children, the wife has a right to dissent from testator's will if the aggregate value of the provisions under his will for her benefit, when added to the value of the property or interests in property passing in any manner outside the will to her as a result of his death, was less than her intestate share. G.S. 30-1.

**2. Wills § 61— applicability of G.S. 30-3(b)**

G.S. 30-3(b) applies to limit the share of a surviving spouse to one-half the intestate share only when (1) a married person dies testate survived by his spouse, (2) the surviving spouse, being entitled under G.S. 30-1 to do so, dissents, (3) the surviving spouse is a "second or successive spouse," (4) no lineal descendants by the second or successive marriage survive the testator, and (5) the testator is survived by lineal descendants by his former marriage.

**3. Wills §§ 30, 61— presumptions — right to dissent from will**

In making a will a husband or wife is presumed to have knowledge of and to have taken into consideration the statutory right of his spouse to dissent from the will.

**4. Wills § 61— purpose of G.S. 30-3(b)**

The intent of the Legislature in enacting G.S. 30-3(b) was to enable a person who has a child or lineal descendant by a former marriage to make greater provision for such child or lineal descendant.

**5. Descent and Distribution § 1— right to take property by descent**

The right to take property by descent is a mere privilege or creature of the law and is not a natural or inherent right, participation in the estate of a deceased person being by grace of the sovereign political power, which alone has any natural or inherent right to succeed to such property.

**6. Descent and Distribution § 1— determination of heirs and distributees — applicable law**

An estate must be distributed among heirs and distributees according to the law as it exists at the time of the death of the ancestor.

**7. Descent and Distribution § 1— power of Legislature to determine who shall take by descent**

The Legislature has the power to determine who shall take the property of a person dying subsequent to the effective date of a legislative act.

**8. Wills § 1— right to make a will**

The right to make a will is not an inherent or constitutional right, but is conferred and regulated by statute.

**9. Wills § 61— right to dissent from will**

The right of a husband or wife to dissent from the will of his spouse is conferred by statute and may be exercised at the time and in the manner fixed by statute.

**10. Statutes § 4— construction — constitutionality**

In considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity.

**11. Wills § 61— inferior rights in second or successive spouse who dissents from will — constitutionality**

G.S. 30-3(b), which provides that a second or successive spouse who dissents from the will of his deceased spouse shall take only one-half the amount provided by the Intestate Succession Act for the surviving spouse if the testator has surviving him lineal descendants by a former marriage but there are no surviving lineal descendants by the second or successive marriage, *is held* not arbitrarily discriminatory and capricious so as to be violative of the due process provisions of the Federal and State Constitutions.

APPEAL by plaintiff under G.S. 7A-30(1) from decision (3 N.C. App. 348, 164 S.E. 2d 631) of the Court of Appeals.

John A. Vinson died testate on January 26, 1968. He and Nannie D. Vinson, plaintiff herein, were married on January 7,

1953, and thereafter lived together as husband and wife until John's death. She was John's second wife. No children were born of their marriage.

Three children were born of John's first marriage, two daughters and a son. John was survived by the two daughters. The son, who predeceased John, was survived by his widow. The two daughters of John and the widow of John's son are defendant's herein.

Nannie dissented from John's will. She asserts she is entitled, under the provisions of G.S. 30-3(a) and G.S. 29-14(2) to *one-third* of John's net estate. She asserts G.S. 30-3(b), the terms of which would restrict her to *one-sixth* of John's net estate, is void because violative of Article I, Section 17, of the Constitution of North Carolina and of the Fourteenth Amendment to the Constitution of the United States.

In the Superior Court of Wayne County, Judge Cowper, based on his conclusion of law that G.S. 30-3(b) "is a constitutional enactment as applied to the facts of this case," entered judgment that plaintiff "is entitled to one-sixth of the estate of John A. Vinson, deceased." Plaintiff appealed. The Court of Appeals affirmed Judge Cowper's judgment.

*Herbert B. Hulse and Sasser, Duke & Brown for plaintiff appellant.*

*Futrelle & Baddour for defendant appellees.*

BOBBITT, J.

Chapter 879, Session Laws of 1959, as amended, is now codified as Chapter 29, "Intestate Succession," of Volume 2A, Replacement 1966, of the General Statutes.

Chapter 880, Session Laws of 1959, as amended, was re-enacted by Chapter 849, Session Laws of 1965, and is now codified as Chapter 30, "Surviving Spouses," of Volume 2A, Replacement 1966, of the General Statutes.

The 1959 statutes were enacted June 10, 1959, and are applicable to estates of persons dying on or after July 1, 1960.

G.S. 29-14(2), the pertinent portion of the Intestate Succession Act, provides that the share of the surviving spouse, "(i)f the intestate is survived by two or more children, or by one child and any lineal descendant of one or more deceased children or by lineal descendants of two or more deceased children," shall be "one-third of

the net estate, including one-third of the personal property and a one-third undivided interest in the real property. . . ." If John had died intestate, Nannie, his surviving spouse, would be entitled to one-third of his net estate.

[1]    Under G.S. 30-1, Nannie had the right to dissent from John's will if the aggregate value of the provisions under his will for her benefit, when added to the value of the property or interests in property passing in any manner outside the will to her as a result of his death, was less than her intestate share. *Bank v. Stone*, 263 N.C. 384, 386, 139 S.E. 2d 573, 575.

Although the record discloses the provisions of John's will, there is no evidence, finding or stipulation as to (1) the value of John's entire estate, or (2) as to the aggregate value of the benefits passing to Nannie under John's will, or (3) as to the value of the property or interests in property, if any, passing to Nannie in any manner outside the will as a result of John's death. However, defendants have not challenged Nannie's right to dissent; and, since all interested parties are competent and more than twenty-one years of age, our further consideration is based on the assumption that Nannie's dissent is in all respects valid.

G.S. 30-1 provides that "(a) spouse may dissent from his deceased spouse's will" if and when defined conditions exist. (For constitutional provisions and statutory enactments bearing upon a widower's right to dissent from his wife's will, see: *Dudley v. Staton*, 257 N.C. 572, 126 S.E. 2d 590; *Fullam v. Brock*, 271 N.C. 145, 155 S.E. 2d 737; also, 2 Lee, N. C. Family Law, § 216, including 1968 Cumulative Supplement.) G.S. 30-2 relates to the time and manner of such dissent. G.S. 30-3, relating to the effect of such dissent, is quoted below.

"§ 30-3.    Effect of dissent. — (a) Upon dissent as provided for in G.S. 30-2, the surviving spouse, *except as provided in subsection (b) of this section*, shall take the same share of the deceased spouse's real and personal property as if the deceased had died intestate; provided, that if the deceased spouse is not survived by a child, children, or any lineal descendants of a deceased child or children, or by a parent, the surviving spouse shall receive only one-half of the deceased spouse's net estate as defined in G.S. 29-2(3), which one-half shall be estimated and determined before any federal estate tax is deducted or paid and shall be free and clear of such tax. (Our italics.)

"(b)    Whenever the surviving spouse is a second or successive spouse, he or she shall take only one-half of the amount provided by

the Intestate Succession Act for the surviving spouse if the testator has surviving him lineal descendants by a former marriage but there are no lineal descendants surviving him by the second or successive marriage.

"(c) If the surviving spouse dissents from his or her deceased spouse's will and takes an intestate share as provided herein, the residue of the testator's net estate, as defined in G.S. 29-2, shall be distributed to the other devisees and legatees as provided in the testator's last will, diminished pro rata unless the will otherwise provides."

**[2]** G.S. 30-3(b) applies only when these facts concur: (1) A married person, husband or wife, dies testate, survived by his (her) spouse. (2) The surviving spouse, being entitled under G.S. 30-1 to do so, dissents. (3) The surviving spouse is a "second or successive spouse." (4) No lineal descendants "by the second or successive marriage" *survive* the testator (testatrix). (5) The testator (testatrix) is survived by lineal descendants by his (her) former marriage.

**[3]** "In making a will a husband (or wife) is presumed to have knowledge of and to have taken into consideration the statutory right of his widow to dissent from the will. G.S. 30-1." *Keesler v. Bank*, 256 N.C. 12, 18, 122 S.E. 2d 807, 812.

When the facts listed above concur, the husband or wife disposes of his (her) property by will with the knowledge that his (her) surviving "second or successive spouse," if she (he) elects to dissent, will receive only one-half of what she (he) would receive if the decedent had died intestate.

Analysis of G.S. 30-3(b) discloses:

1. If the "second or successive spouse" is the decedent, and is not survived by a child or lineal descendant of a former marriage, if any, the surviving husband (wife), if he (she) elects to dissent, will receive the *full* intestate share of a surviving spouse. (Note: If Nannie had died and willed her property to persons other than John, John could have dissented from Nannie's will and by doing so would have received his *full* intestate share in her estate.) It would seem that, in a factual situation in which one spouse would be reduced to one-half of the share to which he or she would be entitled if the other died intestate, the rule as to *one-half* should be applied equally to both parties to the marriage.

2. The inferior rights of the surviving "second or successive spouse" do not depend upon whether a child was born of her (his)

marriage with the decedent; rather, they depend upon whether such child (or lineal descendant) *survives* the decedent.

3. G.S. 30-3(b) is applicable when the decedent is *survived* by a child or lineal descendant of a former marriage *even if* the decedent's will leaves nothing to such child or lineal descendant.

Whether G.S. 30-3(b) applies does not depend at all upon such considerations as: (1) The comparative durations of the first and second marriage; (2) whether the former marriage was terminated by death or by divorce; (3) the age(s) of the child or children of the former marriage at the time of the second or successive marriage; and (4) the age(s) of the child or children of the former marriage and their financial status at the time of the death of the decedent.

In *Tolson v. Young,* 260 N.C. 506, 133 S.E. 2d 135, where decision was based in substantial part on G.S. 30-3(b), the validity of this statute was not challenged on constitutional grounds or otherwise.

The constitutional question presented is whether G.S. 30-3(b), by providing inferior rights to a surviving "second or successive spouse," is arbitrarily discriminatory and capricious and therefore denies to plaintiff the substantive due process of law guaranteed by Article I, Section 17, of the Constitution of North Carolina, and by the Fourteenth Amendment to the Constitution of the United States.

The provisions of G.S. 30-3(b), as presently codified in Chapter 30 of Volume 2A, Replacement 1966, were enacted as part of Chapter 880, Session Laws of 1959. The reasons that impelled the inclusion of this unusual provision in the 1959 Act are unclear.

Our research indicates only two other States have statutes which provide that a surviving "second or other subsequent spouse" who, under somewhat similar circumstances, elects to take "against the will," receives less than such surviving spouse would receive if she (he) were a *first* spouse. Ind. Ann. Stat. § 6-301 (1953); Wyo. Stat. Ann. § 2-47 (1959).

In an article entitled, "Election, Dissent and Renunciation," by Professor W. Bryan Bolich, this statement appears: "This limitation on the amount a dissenter may receive could have either or both of two objectives: fostering freedom of testation or discouraging multiple marriages by making it financially less desirable to marry a widow or widower with issue by a prior marriage." 39 N.C.L.R. 17, *33* (1960-61).

Since the public policy of the State is primarily for legislative

determination, we express no opinion as to whether the law should discourage marriage with a widow or widower with issue by a prior marriage. Undoubtedly, by reason of G.S. 30-3(b), a testator (testatrix) who has a child or lineal descendant by a former marriage has greater freedom of testation *as against* a childless "second or successive spouse."

[4]    As we read G.S. 30-3(b), the legislative intent was *to enable* a person who has a child or lineal descendant by a former marriage to make greater provision for such child or lineal descendant. True, the testator (testatrix) *is not required* to make greater provision *or any provision* for such child or lineal descendant notwithstanding the inferior rights of his (her) surviving "second or successive spouse." Presumably, the General Assembly considered (1) the natural inclination of a parent to make proper provision for his (her) child, and (2) the natural inclination of the surviving parent of a decedent's child to respond to the needs of such child, sufficient to justify the statutory classification embodied in G.S. 30-3(b).

Although not presented on this appeal, further consideration of G.S. 30-3(b) suggests interesting questions. In the article cited, Professor Bolich states: "The application of this limitation (G.S. 30-3(b)) to G.S. § 29-30 where the dissenting spouse elects instead of the intestate share a life estate in one-third of the decedent's real estate, including without regard to value the dwelling house and household furnishings, might be awkward. Would it be a life estate in one-sixth, including the dwelling and furnishings regardless of value?" Too, Nannie would be entitled to one third of John's estate had he died intestate. He did not die intestate but left a will. Under G.S. 30-1(a), Nannie's right to dissent depends upon whether the benefits to her on account of John's death under the will and outside the will aggregate less than "the intestate share of such spouse." While the right to dissent is related to the value of "the intestate share of such spouse," it is provided in G.S. 30-3(b) that, in the event of dissent, the surviving "second or successive spouse" will receive one-half of the intestate share. In Professor Bolich's phrase, reconciliation of these provisions "might be awkward."

The constitutional question is to be considered in the light of the well-established legal propositions stated below.

[5]    "It is generally considered that the right to take property by descent is a mere privilege or creature of the law and not a natural or inherent right." 26A C.J.S., Descent and Distribution § 2. "The theory of the law is that any participation in the estate of a deceased person is by grace of the sovereign political power, which

alone has any natural or inherent right to succeed to such property." 23 Am. Jur. 2d, Descent and Distribution § 11. Our decisions are in accord: *Pullen v. Commissioners*, 66 N.C. 361, 363-364; *In re Morris Estate*, 138 N.C. 259, 262, 50 S.E. 682, 683; *Wilson v. Anderson*, 232 N.C. 212, 220, 59 S.E. 2d 836, 843, 18 A.L.R. 2d 951, 958, and s. c. on rehearing, 232 N.C. 521, 61 S.E. 2d 447, 18 A.L.R. 2d 959.

**[6, 7]**　It is well settled that "an estate must be distributed among heirs and distributees according to the law as it exists at the time of the death of the ancestor." 23 Am. Jur. 2d, Descent and Distribution § 21, citing, *inter alia, Wilson v. Anderson, supra.* Accord: *Johnson v. Blackwelder*, 267 N.C. 209, 148 S.E. 2d 30. Moreover, as stated by Rodman, J., in *Bennett v. Cain*, 248 N.C. 428, 103 S.E. 2d 510: "The power of the Legislature to determine who shall take the property of a person dying subsequent to the effective date of a legislative act cannot be doubted."

**[8]**　"The right to make a will is not a natural, inalienable, inherited, fundamental, or inherent right, and is not one guaranteed by the Constitution. The right to make a will is conferred and regulated by statute." *Fullam v. Brock, supra.* Accord: 94 C.J.S., Wills § 2; 57 Am. Jur., Wills § 153.

In *Fullam v. Brock, supra*, Parker, C.J., quotes with approval the following from Mr. Justice Jackson in *Irving Trust Co. v. Day*, 314 U.S. 556, 86 L. ed. 452, 62 S. Ct. 398: "Rights of succession to the property of a deceased, whether by will or by intestacy, are of statutory creation, and the dead hand rules succession only by sufferance. Nothing in the Federal Constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction."

**[9]**　The right of a husband or wife to dissent from the will of his (her) spouse is conferred by statute and may be exercised at the time and in the manner fixed by statute. *Bank v. Easterby*, 236 N.C. 599, 602, 73 S.E. 2d 541, 543.

**[10]**　As indicated in our analysis of its provisions, G.S. 30-3(b) contains seeds of inequities, particularly where upon the death of one spouse the survivor upon dissent would receive only one-half of her (his) intestate share while upon the death of the other spouse the survivor would receive his (her) full intestate share. Even so, we are mindful that "(i)n considering the constitutionality of a statute, every presumption is to be indulged in favor of its validity." Stacy, C.J., in *State v. Lueders*, 214 N.C. 558, 561, 200 S.E. 22, 24. Objections to the provisions of G.S. 30-3(b) would seem to re-

late to their wisdom and fairness under particular circumstances rather than to constitutional limitations on the power of the General Assembly to enact these statutory provisions.

**[11]** We conclude that the legislative provisions defining the rights of a surviving "second or successive spouse" in a factual situation prerequisite to the application of G.S. 30-3(b) are not vulnerable to attack as unconstitutional on the ground they are arbitrarily discriminatory and capricious. Hence, based upon the legal principles stated, and the authorities cited, by Judge Britt in his opinion for the Court of Appeals, the decision of the Court of Appeals is affirmed.

Affirmed.